## YOUNG *v.* DUVALL and Another.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued November 16th, 19th, 1883.—Decided December 17th, 1883.

*Acknowledgment—Deed—Husband and Wife.*

In a suit to set aside a deed of trust executed to secure the payment of a note signed by husband and wife, and the acknowledgment of which was certified as required by law, it was in proof that the wife signed the note and the deed, having an opportunity to read both before signing them ; she was before an officer competent to take her acknowledgment, and he came into her presence, at the request of the husband, to take it ; and she knew, or could have ascertained, while in the presence of. the officer, as well to what property the deed referred as the object of its execution : *Held,* that the certificate must stand against a mere conflict of evidence as to whether she willingly signed, sealed, and delivered the deed, or had its contents explained to her by the officer, or was examined privily and apart from her husband ; and that even if it be only *prima facie* evidence of the facts therein stated, it cannot be impeached, in respect to those facts, except upon proof which clearly and fully shows it to be false or fraudulent.

Bill in equity to set aside a deed of trust given by husband and wife of wife's real estate to secure payment of a debt of the husband. The following averment in the bill shows the ground of the action :

" 7. Complainant charges and avers that said deed of trust (and the other paper, whatever it may be) is a fraud upon her rights ; that the same is void in law, in that she did not know its contents, and that she did not acknowledge the same in any manner, either in the presence or hearing of her husband, or separately and privately and apart from him ; that she never borrowed or ever received one cent or any other sum therefor or on account of said deed of trust ; that the whole transaction was fraudulent and void ; that said John Little is dead, and said Holtzman now claims to be the holder of said debt, and she is advised that her only remedy is in this court." ·

The case was mainly argued on the facts.

*Mr. Enoch Totten* for the appellant cited in regard to the acknowledgement and execution of a deed by a married woman,

*Mott* v. *Smith*, 16 Cal. 534; *Rumfelt* v. *Clements*, 46 Penn. State, 458; *Colburn* v. *Kelly*, 61 Penn. State, 314; *Clark* v. *Thompson*, 12 Penn. State, 274; *Rhea* v. *Rhenner*, 1 Pet. 105; *McCandless* v. *Engle*, 51 Penn. State, 309; *Louden* v. *Blythe*, 27 Penn. State, 22; and that a deed obtained from a married woman by coercion was void, *Richardson* v. *Hittle*, 31 Ind. 119; *Wiley* v. *Prince*, 21 Tex. 637; *Schrader* v. *Decker*, 9 Penn. State, 14; *O'Neill* v. *Robinson*, 45 Ala. 533–536; *Patterson* v. *Flanagan*, 37 Ala. 513; *Wilson* v. *Ball*, 10 Ohio, 250; *Drury* v. *Foster*, 2 Wall. 24; and that the acts of a married woman are absolutely void, *Elliott* v. *Peirsal*, 1 Pet. 328.

*Mr. A. P. Duvall* and *Mr. Joseph H. Bradley* for the appellees. The law is well settled that, as against the holder of the security, *bona fide*, for value, the certificate of acknowledgment is conclusive, unless in case of downright fraud or forgery, and unless the grantee knew the fraud and participated in it. Wells on Separate Est. Married Women, § 575; *Marston* v. *Brittenham*, 76 Ill. 617; *White* v. *Graves*, 107 Mass. 325; *Somes* v. *Brewer*, 2 Pick. 183; *Bissett* v. *Bissett*, 1 H. & McH. 211; *Ridgely* v. *Howard*, 3 H. & McH. 321; *Hogan* v. *Moore*, 48 Geo. 156; *Clark* v. *Pease*, 41 N. H. 414; *McNeely* v. *Rucker*, 6 Blackfd. 391; *Watson* v. *Thurber*, 11 Mich. 457; *Conn. L. I. Co.* v. *McCormick*, 45 Cal. 580; *Green* v. *Scranage*, 19 Iowa, 461; *Baldwin* v. *Snowden*, 11 Ohio St. 203; *Ins. Co.* v. *Nelson*, 103 U. S. 544, 547; *Fletcher* v. *Peck*, 6 Cranch, 133, 134; as to duress, see *Brown* v. *Pierce*, 7 Wall. 214; *Comegys* v. *Clark*, 44 Md. 108; *Radich* v. *Hutchins*, 95 U. S. 213.

Mr. JUSTICE HARLAN delivered the opinion of the court.

It is provided by the Revised Statutes of the United States, relating to the District of Columbia, that "when any married woman shall be a party executing a deed for the conveyance of real estate or interest therein, and shall only be relinquishing her right of dower, or when she shall be a party with her husband to any deed, it shall be the duty of the officer authorized to take acknowledgments, before whom she may appear, to examine her privily and apart from her husband, and to explain

to her the deed fully;" further, "if upon such privy examina-
tion and explanation, she shall acknowledge the deed to be her
act and deed, and shall declare that she had willingly signed,
sealed, and delivered the same, and that she wished not to retract
it, the officer shall certify such examination, acknowledgment,
and declaration, by a certificate annexed to the deed and under
his hand and seal," to the effect indicated in the form prescribed
by the statute. R. S. Dist. Col. §§ 450, 451.

It is also provided that "when a privy examination, ac-
knowledgment, and declaration of a married woman is taken
and certified and delivered to the recorder of deeds for record,
in accordance with the provisions of this [the 14th] chapter, the
deed shall be as effectual in law as if she had been an unmarried
woman; but no covenant contained in this deed shall in any
manner operate upon her or her heirs, further than to convey
effectually her right of dower or other interest in the real estate
which she may have at the date of the deed." Ib. § 452.

These statutory provisions being in force, there was placed
upon record in the proper office in the District of Columbia, on
the 17th day of November, 1875, a deed of trust purporting to
have been executed by Mark Young and Virginia Young, his
wife, and to have been, on the same day, acknowledged
before B. W. Ferguson, a justice of the peace in and for the
District of Columbia. The certificate of that officer, under his
hand and seal, shows that the grantors were personally known
to him to be the persons who executed the deed; that they
personally appeared before him, in this district, "and acknowl-
edged the same to be their act and deed, and the said Virginia
Young, wife of said Mark Young, being by me [him] examined
privily and apart from her husband, and having the deed afore-
said fully explained to her, acknowledged the same to be her
act and deed, and declared that she had willingly signed, sealed,
and delivered the same, and that she wished not to retract it."

This deed of trust conveyed certain real estate, in the city of
Washington, the property of Mrs. Young, to the appellees,
Duvall and Holtzman, in trust to secure the payment of a note
executed by the grantors, whereby they promised to pay to the
order of John Little, two years after date, at the National

Metropolitan Bank, the sum of $8,000, with interest at the rate of ten per cent. until paid. Neither Little, nor the present holder of the note, had any knowledge of the circumstances attending the execution of the deed. Default having occurred in the payment of the debt so secured, the trustees advertised the property for sale at public auction. Thereupon Mrs. Young instituted this suit for the purpose of preventing such sale, and to obtain a decree declaring the deed of trust fraudulent and void, and requiring it to be surrendered for cancellation.

The bill sets forth several grounds upon which relief to that extent is asked, but those only deserve serious consideration which are embraced by averments to the following effect: That the contents of the deed were never explained to her; that she signed it because she was required, ordered and commanded to do so by her husband and a person who was with him; that its contents were never known or explained to her by the officer; that so far from her having been examined, in reference to the deed, privily and apart from her husband, the latter remained in the presence of herself and the officer on the occasion when it is claimed she signed, acknowledged, and delivered it.

It was in proof that Mrs. Young signed the note and the deed, having an opportunity to read the papers before signing them; she was before an officer competent under the law to take her acknowledgment, and he came into her presence for the purpose of receiving it; he so came at the request of the husband, who expected, by means of the executed deed of trust, to secure a loan from John Little of the amount specified in the note; and she knew, or could readily have ascertained while in the presence of the officer, as well to what property the deed referred as the object of its execution. There is, however, a conflict in the evidence as to whether she willingly signed, sealed, and delivered the deed, or had its contents fully or at all explained to her by the officer, or was examined privily and apart from her husband.

It is not necessary to enter upon a review of the adjudged cases bearing upon the general question of the effect to be given to the certificate of an officer taking an acknowledgment of a married woman to a conveyance of real estate; for, if it

be assumed, for the purposes of this case, that it is only *prima facie* evidence of the facts stated in it, we are of opinion that the integrity of the certificate before us has not been successfully impeached. The certificate of the officer states every fact essential, under the statute, to make the deed, upon its being delivered for record, as effectual in law as if Mrs. Young was an unmarried woman. The duties of that officer were plainly defined by statute. It was incumbent upon him to explain the deed fully to the wife, and to ascertain from her whether she willingly signed, sealed, and delivered the same, and wished not to retract it. The responsibility was upon him to guard her against coercion or undue influence upon the part of the husband, in respect of the execution and delivery of the deed. To that end he was required to examine her privily and apart from the husband. These facts were to be manifested by a certificate under his hand and seal. Of necessity, arising out of considerations of public policy, his certificate must, under the circumstances disclosed in this case, be regarded as an ascertainment, in the mode prescribed by law, of the facts essential to his authority to make it; and if, under such circumstances, it can be contradicted, to the injury of those who in good faith have acted upon it—upon which question we express no opinion—the proof to that end must be of such a character as will clearly and fully show the certificate to be false or fraudulent. *Insurance Company* v. *Nelson*, 103 U. S. 544, 547. The mischiefs that would ensue from a different rule could not well be overstated. The cases of hardship upon married women that might occur under the operation of such a rule are of less consequence than the general insecurity in the titles to real estate which would inevitably follow from one less rigorous.

It is sufficient for the disposition of this case to say that, even upon the assumption that the certificate is only *prima facie* evidence of the facts stated in it, the proof is not of that clear, complete, and satisfactory character which must be required to impeach the official statements of the officer who certified Mrs. Young's acknowledgment of the deed in question.

The decree must, therefore, be affirmed.

*It is so ordered.*