## LINDER v. HYATTSVILLE AUTO & SUPPLY CO., Inc.

### No. 1110.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 5, 1951.

Decided Nov. 30, 1951.

Ben Lindas, Washington, D. C., with whom Joseph H. Schneider, Washington, D. C., was on the brief, for appellant.

George A. Glasgow, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, Associate Judge, and MYERS, Judge of the Municipal Court for the District of Columbia, sitting by designation.[1]

HOOD, Associate Judge.

Appellee, an automobile dealer in Maryland, sold to appellant, a resident of the District of Columbia, a new automobile. As part of the transaction appellee received from appellant a used Buick for which appellant received credit of $1,825 on the purchase price of the new automobile. Later appellee sold the Buick to one Ulmer. When application was made for registration of the Buick in Maryland, the authorities of that State notified appellee that the car had been reported as stolen. Appellee took back the Buick from Ulmer and sold him another car.

About two years before the transaction here involved, the Buick had been purchased new in Philadelphia by one Babitch. A few months after the purchase Babitch reported to his insurance company that the car had been stolen and the company paid him for loss of the car under a theft insurance policy and received from him, under date of July 14, 1947, an assignment of his certificate of title to the car. When the insurance company learned that the car was in appellee's possession it made demand on appellee for the car. An arrangement was made by which appellee purchased the car from the insurance company for $1,400. Appellee then sold it to another dealer for $1,450.

1. Code 1940, Supp. VII, § 11-771.

When appellee was notified that the car which it had purchased from appellant was a stolen car, it notified appellant who said he had bought it from Valentine Motors, Inc., and that he would get the matter straightened out. Appellant however did nothing and this action was brought by appellee to recover from appellant the sum of $1,825, being the amount allowed on the trade-in, less $50 representing the difference between the amount paid by appellant to the insurance company for the car and the amount received from the sale of it. The trial court found for appellee in the amount asked.

Appellant contends that appellee failed to establish by a preponderance of the evidence that the car had in fact been stolen. Babitch testified that the car was parked in front of his place of business, that it was locked, that no one had authority to take it, that it disappeared, that he notified his insurance company of the loss and was paid for it, and that he had not learned of its recovery until the trial of this case. We think this evidence clearly supported a finding that the car was stolen from Babitch. Appellant however argues that such evidence was weakened by a letter, introduced in evidence by appellee, from the Division of Motor Vehicles in Virginia, stating that a certificate of title for the car in question was issued by the State of Virginia to one Jack Schwartz on May 23, 1947 (Babitch had reported the car as being stolen on June 6, 1947), and that Schwartz had filed a Pennsylvania certificate of title issued to Babitch and properly assigned by Babitch to Schwartz. Undoubtedly this evidence raised a question whether the car had been stolen from Babitch or sold by him to Schwartz; but Babitch testified that he had never permitted anyone to hold himself out as owner of the car, had had only one certificate of title which he had assigned to the insurance company when paid for his loss, and had no knowledge of a transfer of title to Schwartz. Thus a question of fact was presented for determination by the trial court.

Appellant makes the point that the purported assignment by Babitch to Schwartz was acknowledged before a notary public, that a certificate of acknowledgment made by a notary public is prima facie evidence that the person named executed the instrument, and that evidence to overcome the effect of a notary's certificate must be clear, convincing and corroborated.[2] As we shall later see, the assignment by Babitch to Schwartz was not introduced in evidence. The only evidence of it was the statement in the letter from the Division of Motor Vehicles of Virginia that Schwartz had filed a Pennsylvania certificate of title issued in the name of Babitch and "properly assigned" to Schwartz. Assuming that such assignment included a certificate of a notary that Babitch had appeared and acknowledged the assignment, we still think the trial court was justified in holding that the effect of such certificate was overcome by appellee's evidence. In addition to Babitch's testimony that the only assignment of title made by him was to the insurance company and that he knew nothing of any purported assignment to Schwartz, there was the evidence that the car had been reported as stolen to both the insurance company and the police and that investigations were made by them, and the further fact that the claim for loss under the theft insurance policy was paid. Evidence may be clear, satisfactory and convincing without amounting to proof of absolute certainty.

Appellant's final argument is that his motion for new trial on the ground of newly discovered evidence should have been granted. The so-called newly discovered evidence was a certified copy of the application made by Schwartz for registration of the car in Virginia. Attached to the application was what purported to be a certificate of title issued in Pennsylvania to Babitch and assigned by him to Schwartz. We see no basis for designating this evidence as newly discovered. Before appellee put in evidence the letter from the Virginia Division of Motor Vehicles, ap-

---

2. See Young v. Duvall, 109 U.S. 573, 3 S.Ct. 414, 27 L.Ed. 1036; Ford v. Ford, 27 App.D.C. 401, 6 L.R.A.,N.S., 442; Marden v. Hopkins, 47 App.D.C. 202; Wigmore on Evidence (3d ed.), § 2498.

pellant's counsel had questioned one of appellee's witnesses .as to his knowledge of title to the car being issued in Virginia to Schwartz. This indicates that the Virginia transaction was known to appellant's counsel prior to trial. Furthermore, in final argument appellant's counsel made the statement that Babitch transferred title to Schwartz who transferred to Valentine Motor who transferred to appellant, and stated: "Actually I know that this man Schwartz has got a proper and legitimate title to this car." Appellant however had offered no evidence on his behalf. It seems quite clear that the evidence tendered on the motion for new trial was known and available to appellant prior to trial, and has none of the elements of newly discovered evidence. Appellant saw fit to offer no evidence on his part and to take his chances on the evidence presented by appellee. There was no abuse of discretion in denying the motion for new trial.

Affirmed.