JOSEPH H. RINES and others, Complainants,

*vs.*

CITY OF PORTLAND.

Cumberland.    Opinion November 23, 1899.

| 93 | 227 |
|----|-----|
| 96 | 113 |

| 93 | 227 |
|-----|-----|
| 101 | 540 |

| 93  | 227 |
|-----|-----|
| 103 | 437 |
| 103 | 438 |

| 93   | 227 |
|------|-----|
| d104 | 131 |

*Way. Damages. Appeal. Assignee. Portland City Charter. R. S., c. 18, § 40; c. 82 § 30. Priv. and Spec. Laws, 1863, c. 275, § 9.*

The charter of the city of Portland (Private and Special Laws, 1863, c. 275) gives a claim for damages to the owner at the time the land was taken in the laying out or alteration of streets in that city. No other person except the owner at the time of the taking is damaged or aggrieved by the estimate and award of damages; and he is the only person who has a right to appeal, as far as relates to damages.

The city of Portland laid out or altered Portland street, and damages were awarded to the owner thereof for land taken. On the following day, the complainants purchased the land, which was conveyed to them by the owner, "together with all damages allowed or recovered for the taking by the city of Portland" of the land in question. The complainants seasonably appealed from the award of damages. At a term of court, later than the one at which the appeal was entered, the appellee filed a motion to dismiss.

*Held;* that the motion to dismiss was seasonably filed; also, *held;* that the complainants cannot maintain their appeal, either as subsequent purchasers of the land, or as assignees and owners of the "damages allowed or recovered," the award of which was appealed from.

ON REPORT.

The case is stated in the opinion.

*B. D. and H. M. Verrill*, for plaintiffs.

Motion to dismiss: Where the right to sue is denied it should be by motion or plea in abatement. *Vose* v. *Manly*, 19 Maine, p. 331; *Kellar* v. *Savage*, 20 Maine, 199; *Clark* v. *Pishon*, 31 Maine, 503; *Brown* v. *Nourse*, 55 Maine, 230; *Dresden School District* v. *Etna Ins. Co.*, 66 Maine, 370; *Abbott* v. *Chase*, 75 Maine, 83; *Min. & Sch. Fund* v. *Kendrick*, 12 Maine, 381; *Savage Mfg. Co.* v. *Armstrong*, 17 Maine, 34; *Vose* v. *Manly*, 19 Maine, 331; *Strang* v. *Hirst*, 61 Maine, 9; *Page* v. *McGlinch*, 63 Maine, 472; *Pope* v. *Jackson*, 65 Maine, 162.

Matters which may be raised by plea in abatement are waived by a general appearance and the continuation of the action to the next succeeding term. *Cook* v. *Lothrop*, 18 Maine, 260; *Shaw* v. *Usher*, 41 Maine, 102.

Same argument applies to not seasonably filing the assigment from Clark. *Littlefield* v. *Pinkham*, 72 Maine, 369; *Webb* v. *Goddard*, 46 Maine, 505; *Thornton* v. *Leavitt*, 63 Maine, 384; *Demuth* v. *Cutler*, 50 Maine, 299.

Under the conveyance and assignment the appellants became the owners of Clark's claim for damages for the taking, and thereby under the provisions of R. S., c. 82, § 130, became entitled to take and maintain in their own name their appeal by this action. *Moore* v. *Boston*, 8 Cush. 274; *Neal* v. *Knox & Lincoln R. R. Co.*, 61 Maine, 298.

In *Sargent* v. *Machias*, 65 Maine, 591, the land owner sold his land but did not transfer any cause of action he might possess which accrued prior to the sale.

*Carrol W. Morrill*, city solicitor, for defendant.

Sitting: Peters, C. J., Emery, Haskell, Whitehouse, Strout, Savage, JJ.

Savage, J. This is an appeal by the complainants, or appellants, from an estimate and award of damages made by the city

council of Portland for land taken in the laying out or alteration of Portland street. The appellee has filed a motion to dismiss, and by the stipulations of the report, we are to determine whether the appeal shall be dismissed or shall stand for trial.

The allegations in the appeal itself are to the effect that the legal title to the land, at the time of the taking, was in one George D. Clark, in trust for the benefit of himself and others. It appears from the case that Portland street was laid out or altered by the city council July 7, 1896, and on the same day damages to the amount of $1378 were awarded to Clark as owner. On the day following, by virtue of a decree of court, in certain proceedings in equity, to which Clark was a party, the entire parcel of land, of which a portion had been taken, was sold at public vendue to these appellants. Subsequently the sale was confirmed by the court, and on July 28, 1896, the land was conveyed to the appellants by Clark, "together with all damages allowed or recovered for the taking by the city of Portland" of the land in question. It does not appear whether Clark appealed from the award of damages. But the appellants, within the time limited for appeals, filed this appeal to the supreme judicial court in Cumberland county at its October term, 1896. The appellee's motion to dismiss was filed at the April term, 1898. The ground taken in the motion to dismiss is, that it appears by the appeal itself, that at the time the land was taken by the city, the appellants did not own it, nor any portion of it, nor any right, title or interest in it, and therefore that they were not "aggrieved" by the award of the city council.

The first contention of the appellants is that the motion to dismiss was not seasonably filed. Their learned counsel take the ground that this motion is in the nature of a plea in abatement, and should have been filed within the time limited for pleas in abatement. This ground is not tenable. This motion does not go to such things as are properly matters in abatement, but rather to the merits of the appeal, and is based upon the allegations in the appeal itself. Such a motion, in a proceeding like this, serves the purpose of a demurrer. The question raised by it is whether, assuming all the allegations in the appeal to be true, the appel-

lants are, as a matter of law, entitled to maintain it. It is a convenient and proper method of attacking the sufficiency of the allegations in the appeal, or, as in this case, of denying that the appellants, upon their own showing, have any ground for an appeal.

But the appellants further contend that they are entitled to maintain this appeal upon its merits. They say that, although they were not the owners of the land when it was taken by the city, still they were aggrieved by the award, within the meaning of the laws relating to appeals in such cases: (1) because they became the owners of the land taken within the period allowed for appeals as to damages; and (2) because, as the purchasers and assignees of the claim of their grantor, in whose favor the award appealed from was made, they were, at the time of their appeal, the owners of the claim which is the subject matter of the appeal.

We will consider these positions in their order, only premising that the right of appeal from an award of damages is limited to those who are "aggrieved" by the estimate and award. City Charter of Portland. Private and Special Laws of 1863, Chap. 275, § 9.

Were the appellants, as subsequent owners of the land, within the time for taking an appeal, "aggrieved" by the action of the city council? Certainly not. If aggrieved at all it must have been at the time the city council acted. If they were not aggrieved then, they could not be aggrieved afterwards. But they were not aggrieved then. They were not the owners of the land then. They had no interest in it then. They were in no way affected by the action of the city council. They could not be aggrieved by an action which did not concern them. Subsequently they bought the land and the grievance. In buying the land they took it subject to the easement created by the city council. They bought the interest which was left after the land for the street had been taken,—nothing more; and so far as the land is concerned, they paid for this interest, and no more. They lost nothing by reason of the fact that land had been taken for the street. They got what they purchased and paid for. And it follows that, as

subsequent purchasers of the land, they were in no sense "aggrieved" by the estimate of damages. *Sargent* v. *Machias,* 65 Maine, 591.

Nor do the appellants stand in any better position as purchasers and assignees of the "damages allowed or recovered," as it is expressed in the deed from Clark to them. It is undoubtedly competent for the owner of land, to whom damages have been awarded for a strip of land taken for a highway, to assign the right to recover the damages to the same person to whom he conveys his remaining interest in the land; or he may convey the land, and himself retain the right to recover the damages; or he may assign the right to recover the damages to another than the grantee of the land. The interests are separable and distinct. *Neal* v. *Knox & Lincoln R. R. Co.,* 61 Maine, 298; *Sargent* v. *Machias,* supra. By the provisions of the deed in this case, the appellants obtained the right to receive such damages as had been allowed, or as might be recovered for the taking of the land for Portland street. But it does not follow that an appeal for increase of damages will lie in their own names. At common law, assignees of choses in action, not negotiable, could bring suit to recover them only in the names of their assignors. By statute, however, such assignees may bring and maintain actions in their own names. R. S., chap. 82, § 30. But this proceeding is not an "action" within the meaning of this statute. *Webster* v. *County Commissioners,* 63 Maine, 27; *Belfast* v. *Fogler,* 71 Maine, 403; *Stetson* v. *County Commissioners,* 72 Maine, 17; *Counce* v. *Persons Unknown,* 76 Maine, 548; *Grand Trunk Railway* v. *County Commissioners,* 88 Maine, 225. The distinction may be illustrated in this way:— If the city of Portland neglects to pay the damages awarded in this case, then an "action" will lie to recover the same. R. S., chap. 18, § 40. This, on the other hand, is merely a statutory appeal. The right to take an appeal is limited by statute to "any person aggrieved by the decision or judgment of the city council." City Charter of Portland, supra. We cannot extend the right. No other person can appeal. But, as we have already pointed out, these appellants were not, and could not have been, "ag-

grieved" by the decision complained of, because at the time it was made, they had no interest whatever in the land taken.

We hold, therefore, that the appellants, as assignees of the claim for damages, are not entitled to maintain an appeal in their own names.

*Appeal dismissed, with costs.*