## HENRY HUDSON *vs.* ALEXANDER MCNEAR.

Piscataquis.    Opinion December 22, 1904.

*Pleadings.   Demurrer.   Amendment.   R. S. 1903, c. 84, § 10.*

To a declaration containing three counts, one in assumpsit, one in debt on judgment and one in assumpsit on a promissory note, a special demurrer was filed, the demurrer sustained, and the plaintiff allowed to amend by striking out the first count in assumpsit and a portion of the third count.

*Held:* after a special demurrer is sustained no reason appears why the case does not then fall within R. S., c. 84, § 10, relating to amendments, the demurrer being disposed of, the case stands open for further disposition as if no demurrer had been filed.

Exceptions by defendant.    Overruled.

The case is stated in the opinion.

*Henry Hudson,* pro se.

*Joseph B. Peaks,* for defendant.

SITTING:   WISWELL, C. J., EMERY, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J.   This case comes up on exceptions to the allowance of an amendment to the plaintiff's declarations in his writ.   The declaration contained three counts; one in assumpsit, one in debt on judgment and one in assumpsit on a promissory note.   The defendant filed a special demurrer for misjoinder.   The demurrer was sustained and the plaintiff allowed to amend; first, by striking out the first count in assumpsit; second, by striking out in the third count the words, "by reason and in consideration whereof the said defendant become liable and promised the plaintiff to pay him the contents of said note according to the tenor thereof."   This amendment leaves the amended count in the ordinary form of assumpsit upon a promissory note.   There is no doubt that the plaintiff could have declared upon the note in debt by using the words appropriate to that form of action.   This has been the well settled law of pleading, at least

since the opinion by Story, J., in *Raborg et al.* v. *Peyton*, 2 Wheaton, 144; *Exchange Bank* v. *Abell*, 63 Maine, 346. But he did not use the appropriate words. The count contained no allegation per quod actic accrevit. The last case cited in 63 Maine, seems to be conclusive upon this point. In that case the declaration contained four counts in debts, one upon a note of hand, by the endorser against the maker, and a general count, and the court said, "The defendant demurred generally to the whole declaration. The count on the judgment is not questioned to be correct. The objection to the count is that they are not technical in form. They allege an existing liability on the part of the defendant and a promise to pay in consideration thereof." This case also shows that the first count was in a plea of debt and that no plea was stated in any count after the first, but otherwise the last two counts are in the usual form of declaring in assumpsit.

This is very similar to the way in which the plaintiff, in the case at bar, left his declaration after all his amendments had been allowed. He had in his third count declared in assumpsit upon a promissory note, and no plea was stated after the first count. In the case cited the plaintiff also declared on a promissory note, but the case held, page 350, "The counts on the notes are to be regarded as defective counts in debt." The plaintiff's writ still contains one count in debt and one in assumpsit. As the amendment striking out the first count in assumpsit was clearly allowable, and that striking out a part of the third count, whether allowable or not, did not in any way change the form of the count, the defendant therefore could not have been aggrieved by the allowance of the amendments. But the defendant goes further and claims that the court, after the filing of a special demurrer, did not have the power to allow any amendment. He says, "I find no authority either by statute or decision for an amendment after special demurrer," and cites Gould's Pleading, sections 101 and 102.

We do not think the citation sustains his position. Gould, in his fourth edition, section 101, says: "When a declaration is ill, for misjoinder of causes of action, the plaintiff may, with leave of the court, amend it on payment of costs, by striking out one or more of the

counts and thus leaving upon the record but one count, or such only as are rightly joined. And if the declaration has not been *demurred* to he may also cure the mistake by entering a *nolle prosequi* upon one or more of the counts." The words in italics are found in the text. A note states that a nol. pros. is precisely equivalent to withdrawing or abandoning one of two classes of action improperly joined in a complaint. Section 102 reads, "But it has been several times held that, after demurrer to à declaration, for such a misjoinder, the plaintiff cannot cure the mistake by entering a *nolle prosequi* upon any of the counts; since to permit this would enable him, by his own act, and without paying costs to defeat a demurrer well taken for sufficient and substantial cause." It should be here noted that a *nolle prosequi* is not a demurrer, general or special, nor is it an amendment, in the broadest sense of the term. It embraces only the withdrawal or abandonment of a count. An amendment not only does this but much more. The scope of the term amendment is too well established to require citation.

These sections therefore construed together, simply declare that, after demurrer, and the demurrer here referred to must be special, the plaintiff can amend, if the declaration is amendable, only upon the payment of costs, and state the reason why he cannot, at this stage of the proceedings, after the defendant has detected and taken advantage of his error in pleading, enter a nolle prosequi, that is withdraw or abandon any one of his causes of action, leaving the rest in proper form, without paying costs. Chitty, 16 Am. Ed. star page 228, states the same principle in this way. "The plaintiff cannot, if the declaration be demurred to, aid the mistake by entering a *nolle prosequi* so as to prevent the operation of the demurrer for misjoinder; though the Court will in general give the plaintiff leave to amend by striking out some of the counts upon the payment of costs."

To the same effect is *Fernald* v. *Garvin*, 55 Maine, 414. A general demurrer to a misjoinder will not be sustained if either count is good, hence in such a case a special demurrer becomes necessary in order to reach the defective pleading, but we are unable to discover any reason why, after a special demurrer has been sustained, an

amendment may not be allowed upon terms, as it would be under our statute, in case of a general demurrer. At common law the distinction between a general and special demurrer consisted in the mere form of demurring. Since the office and effect of both were the same, faults in mere form were reached at common law by a general as well as a special demurrer, the only exception being the case of a demurrer for duplicity.

After a special demurrer is sustained we see no reason why the the case will not fall within R. S. 1903, chapter 84, section 10, relating to amendments. The demurrer is then disposed of and the case stands open for further disposition as if no demurrer had been filed. The declaration may be amended, upon terms, if amendable, if not that is the end of it.

The third count in the plaintiff's writ was amendable after sustaining the special demurrer and the exceptions must be overruled on this account. And, as before stated, inasmuch as the amendment allowed did not change the form of the count, the defendant is not aggrieved and the exceptions must be overruled for this reason also.

*Exceptions overruled.*

EMERY, J. I concur. The only question presented by the exceptions is whether the amendments allowed were allowable. Whether the declaration is thereby made sufficient and good against demurrer is another question not decided nor presented.