FRANCIS E. HURLEY, Aplt.,

*vs.*

INHABITANTS OF SOUTH THOMASTON.

Knox.    Opinion September 11, 1906.

*Grade of Highway Raised.   Complaint for Assessment of   Damages.   Motion to Dismiss Complaint Not a Dilatory Plea.   Premature Exceptions.   Practice. R. S., c. 23, § 68 ; c. 79, § 56.*

1.   Upon an application in writing to the municipal officers of a town, for the assessment of damages occasioned by raising the grade of the highway in front of the applicant's premises, the municipal officers made the following endorsement : —

"We, the undersigned municipal officers assess no damages on the within application for the reason that upon the facts as they exist there is no liability of the town in the premises, nor any jurisdiction in us to assess damages.

*Held :* that this was such a decision as afforded the applicant a remedy by complaint to the Supreme Judicial Court, under the provisions of R. S., chapter 23, section 68.   And a motion to dismiss such a complaint on the ground that the municipal officers had made no assessment, or any other decision, upon which a complaint can be founded, cannot be sustained.

2.   A motion to dismiss a complaint for an assessment of damages serves the purpose of a demurrer, and is not to be regarded as a dilatory plea. The question raised by it is merely whether the complainant has stated sufficient grounds to maintain the complaint.

3.   When a motion to dismiss, in such a case, is overruled, and exceptions to the ruling are taken, the case should then proceed to trial, and only after trial upon the merits should the exceptions be taken to the Law Court.   When prematurely brought forward, they will be dismissed from the law docket.

On exceptions by defendants.    Dismissed.

Complaint for the assessment of damages occasioned by raising the grade of the highway in South Thomaston in front of the plaintiff's premises, brought under the provisions of sections 68, chapter 23, of the Revised Statutes.

The municipal officers refused to assess any damages and refused to take jurisdiction of the complaint.    Thereupon under the provis-

ions of the aforesaid section 68 the plaintiff appealed to the Supreme Judicial Court, Knox County. The appeal was duly entered in said court, and the defendants appeared and filed a motion to dismiss the appeal. This motion was overruled and the defendants excepted.

The case appears in the opinion.

*D.·M. Mortland,* for plaintiff.

*Arthur S. Littlefield,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

SAVAGE, J. This is a complaint for the assessment of damages occasioned by raising the grade of the highway in South Thomaston in front of the complainant's premises. It is brought under the provisions of R. S., ch. 23, sect. 68, and is in the nature of an appeal from the refusal of the selectmen of South Thomaston to allow any damages, upon her application therefor. The statute in question provides that "when a way or street is raised or lowered by a road commissioner or person authorized, to the injury of an owner of adjoining land, he may, within a year, apply in writing to the municipal officers and they shall view such way or street and assess the damages, if any have been occasioned thereby, to be paid by the town, and any person aggrieved by said assessment may have them determined, on complaint to the Supreme Judicial Court." After alleging various jurisdictional facts not in question here, the complainant further alleges that she made the statutory application to the municipal officers for an assessment of her damages, upon which they made the following endorsement:

"We, the undersigned, municipal officers, assess no damages on the within application for the reason that upon the facts as they exist there is no liability of the town in the premises, nor any jurisdiction in us to assess damages," by which decision she alleges that she was aggrieved, and so forth.

The town filed a motion to dismiss, which was overruled, and exceptions were taken. The case has not yet been heard upon the merits, and the complainant urges that the exceptions are prematurely

brought forward, that the motion to dismiss is a dilatory motion, and being overruled, the exceptions must wait below until the case is tried. R. S., ch. 79, sect. 56. But it has been held that a motion to dismiss, in a proceeding like this, is not to be regarded as a dilatory plea. It serves, rather, the purpose of a demurrer. The question raised by it is merely whether the complainant has stated sufficient grounds to entitle her, upon their being proved, to maintain her complaint. *Rines* v. *Portland*, 93 Maine, 227. Nevertheless, when the motion was overruled, and the complaint was thereby adjudged good in form, we think the case should then have proceeded to trial, and only after trial should the exceptions have been brought forward to this court. In a trial upon the merits, all the questions of defense which the town raises under its motion, and some that it cannot raise now, will be open for the determination of the court. *Phillips* v. *County Com.*, 83 Maine, 541. It is the better practice to allow exceptions to rulings on preliminary motions in cases of this kind, (unless the rulings are adverse to the proceeding) to rest in the court below until trial is had and all questions considered, when all issues can be finally determined once for all by the Law Court. A case should not be brought to this court by piece meal, when it can be avoided. *Millett* v. *County Com.*, 81 Maine, 257; *Shaw* v. *County Com.*, 92 Maine, 498; *Monaghan* v. *Longfellow*, 82 Maine, 419. It is therefore considered that these exceptions are prematurely brought forward, and that they should be dismissed from the law docket.

But as the practice heretofore has not been uniform, and as the parties have fully argued the one point raised by the motion to dismiss, we will briefly consider it. It is this. The town claims that it is shown by the complaint itself that the municipal officers did not make any assessment of damages, or any other decision or decree upon which the complainant can found her complaint or from which she can take a virtual appeal. We think otherwise. If the municipal officers had taken no action upon the complainant's application for an assessment of damages, the point now taken might have been tenable. But the complaint shows that they did take action, and decided questions both of law and fact. They decided to assess no

damages because upon the facts which they found "there is no liability of the town in the premises," and they decided further upon the facts which they found that they had no jurisdiction to assess damages. It was within their province to determine the relevant facts and the rules of law which were applicable. We cannot know now whether they decided either the law or the facts correctly. Nor is it of any consequence at this stage of the case. It is enough that they decided them, and adversely to the complainant, so that she is aggrieved.

We think that the statute in question contemplates that an aggrieved party shall have this remedy by complaint whenever municipal officers shall have acted upon an application, and made a decision thereon. It makes no difference whether they have assessed damages in too small an amount, or whether they have refused to assess any. And in the latter case it makes no difference whether they refused because they thought that no damages were sustained in fact, or that there was no liability in law for damages in fact sustained, or that the facts as they found· them did not bring the application within their jurisdiction. Their decision upon any of these matters is not final. It is reviewable upon complaint by an aggrieved party. The correctness of their decision,— their errors, if any,— will be determined by the court, when the complaint is tried in the regular manner. And so will all other material questions in prosecution or defense.

*Exceptions dismissed from the law docket.*