[No. 14155.  Department Two.  August 29, 1917.]

F. H. MILES, *Appellant.* v. A. J. MEAD, *Respondent.*[1]

NEW TRIAL—GROUNDS—MISTAKE IN VERDICT. Where a mistake has been made in rendering a verdict and the jury discharged, a new trial should be granted instead of reassembling the jury to reconsider the case.

SAME—MISTAKE IN VERDICT—DISCRETION. Where two causes of action arose out of the same transaction and should be tried together, it is not an abuse of discretion to grant a new trial as to both causes, on account of a mistake in the verdict as to but one cause.

APPEAL—COSTS—NONAPPEARANCE. Where the respondent does not appear in the supreme court, he is not entitled to costs on affirmance of the judgment.

Appeal from an order of the superior court for Cowlitz county, Darch, J., entered May 6, 1916, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for fraud.  Affirmed.

*Miller & Wilkinson,* for appellant.

MOUNT, J.—This appeal is from an order granting a new trial.  The appellant sued the respondent and alleged two causes of action:  First, to the effect that the respondent fraudulently represented that a tract of land which the appellant was about to buy contained 88½ acres, when, in fact, it contained but 74¼ acres, and that the respondent knew this fact when he made the representations; and that, because of such representations, the appellant paid $4,000 in cash for the tract of land, and was damaged in the sum of $630 because of the fraud practiced.  The second cause of action alleged that the respondent fraudulently represented that a stream of water used for household and domestic purposes would furnish water all the year round, when, in fact, the stream went dry in the summer months; and that appel-

[1] Reported in 167 Pac. 106.

lant was damaged in the sum of $500. Upon issues made, the case was tried to the court and a jury, and after considering the evidence, the jury returned a verdict as follows:

"We, the jury in the said above entitled cause of action find for the plaintiff, and assess damage by reason of lack of water $500."

The jury, at the same time, returned an answer to a question which was submitted to them, as follows:

"Question: What sum do you find to have been the fair market value of the lands purchased by the plaintiff above named from G. D. Hawkins and others on the 2d day of March, 1914, or thereabouts, as more fully described in plaintiff's complaint on file in this action?

"Answer: We find the value of said land on said date, or thereabouts, to have been the sum of $3,370."

These verdicts were returned into court and were read aloud by the clerk, and the jury announced that these were their verdicts. The verdicts were thereupon filed and the jury discharged. One of the jurymen was excused from further attendance upon the court. A short time after the verdicts were filed, counsel for appellant, upon examining the verdicts, discovered their nature, and called the attention of the court to the fact that the verdicts were incomplete, and asked that the jury be recalled and required to explain the verdicts. This was done over objection of the respondent. The jury was reassembled upon the same day, and after considering the case further, returned another verdict as follows:

"We, the jury in the above entitled cause of action, find for the plaintiff and fix the amount of his recovery in the sum of $630 upon the first cause of action and ·$500 upon the second cause of action."

The respondent thereupon moved the court for judgment notwithstanding the verdict, and also for a new trial. Upon hearing these motions, the trial court denied the motion for judgment *non obstante,* but granted the motion for a new

trial, by reason of irregularity in the return of the verdict. The plaintiff in the action has appealed from that order.

It is argued by the appellant that there was not such irregularity in the verdicts as requires a new trial. In the case of *Quarring v. Stratton*, 85 Wash. 333, 148 Pac. 26, where the facts were substantially the same as in this case, we said, in closing the opinion:

"In *Little v. Larrabee*, 2 Greenl. (Me.) 37, 11 Am. Dec. 43, it was held that, where a mistake has been made by the jury in rendering a verdict and the jury discharged, the proper remedy is to set aside the verdict and grant a new trial. This appears to be the generally accepted rule in a case where the verdict of the jury has been received and filed with the clerk, or recorded and the jury discharged."

We think that rule is conclusive of the principal question presented upon this appeal. It is more orderly practice than to permit a jury, after being discharged, to be reassembled and to reconsider the case.

It is also argued by the appellant that the verdict upon the second cause of action should have been permitted to stand in any event. The denial or granting of a new trial is within the sound discretion of the trial court. The two causes of action stated in the complaint arose out of the same transaction, and we think it is but just that they should be tried together, and that it was within the discretion of the trial court to grant a new trial upon the whole issue. The order appealed from is therefore affirmed. The respondent has not appeared in this court, and, for that reason, no costs in this court will be assessed in his favor.

Ellis, C. J., Holcomb, Fullerton, and Parker, JJ., concur.