[No. 17774. *En Banc.* December 10, 1923.]

## B. H. YOUNG, *Appellant,* v. J. R. DILLE et al., *Respondents.*[1]

TORTS (4)—JOINT TORT FEASORS—SEPARATE INJURY BY INDEPENDENT ACTS. Where the allegations and proof show that a collision of automobiles caused plaintiff damages which were capable of definite measurement, and that almost immediately thereafter another automobile, driven by a codefendant, ran into him, causing additional damages, the defendants are not joint tort feasors; so that, in the absence of evidence segregating the damages done, a verdict attempting to segregate the damages is not sustained by the evidence and warrants the granting of a new trial.

APPEAL (371)—REVIEW—NEW TRIAL—CORRECT DECISION ON ERRONEOUS GROUND. Where a motion for a new trial is made on several grounds, and expressly sustained upon only one ground, upon appeal therefrom, the respondent is entitled to sustain the order granting a new trial upon any of the grounds stated in the motion.

PEMBERTON, J., dissents.

[1]Reported in 220 Pac. 782.

Appeal from an order of the superior court for Pierce county, Chapman, J., entered August 15, 1922, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for injuries to persons and property in an automobile collision. Affirmed.

*John E. Belcher* and *Wesley Lloyd,* for appellant.

*Roberts & Skeel* and *Stratton & Kane,* for respondents.

FULLERTON, J.—This is an action brought by the appellant Young against the defendant Dille and the respondents Lee Harris and Union Oil Company, to recover in damages for injuries to his person 'and property. The appellant divided his complaint into two separate causes of action. As against the defendant Dille, he set forth the facts thought to charge him with liability in the following language:

"That heretofore on to-wit the 3rd day of January, 1922, at the hour of about 8:30 o'clock in the forenoon of said day, plaintiff was driving an automobile in a southerly direction along and upon South 'L' Street in the city of Tacoma at about the point where said South 'L' Street is intersected with South Ninth Street and that plaintiff in so driving southwardly, upon said South 'L' Street was crossing South Ninth Street and had nearly crossed said South Ninth Street as the same intersects said South 'L' Street when the defendant, J. R. Dille, who was then and there driving an automobile in an eastwardly direction along and upon said South Ninth Street at a rate of speed that said defendant knew, or should have known, was such rate as would endanger the property of said plaintiff and his life and limb and which speed did in fact endanger the property and life and limb of said plaintiff, and at a speed that was high and dangerous under the circumstances, to-wit: about 25 miles per hour, carelessly and negligently propelled his said automobile into and

against the rear of plaintiff's automobile, thereby causing plaintiff's automobile to skid and knocking it to the easterly side of said South 'L' Street, where, by reason of said skidding, it remained stationary. That by reason of being so struck by the said automobile of said defendant J. R. Dille, plaintiff's automobile was broken and the right rear fender thereof bent and said automobile, with plaintiff therein, thrown into a dangerous position, to wit, in front of an oncoming truck, which struck and bruised plaintiff in his person, whereby he received a severe compound comminuted fracture of the right humerus, bruising his arms, legs, head and body and causing him severe pain and anguish.''

As against the respondents Lee Harris and Union Oil Company, he set forth the facts in the following language:

''That on the 3rd day of January, 1922, at the hour of about 8:30 o'clock in the forenoon of said day, plaintiff was driving an automobile in a southerly direction along and upon South 'L' Street in the city of Tacoma at a point where South 'L' Street intersects with South Ninth Street and that as plaintiff had partially crossed South Ninth Street, defendant J. R. Dille, who was then and there driving an automobile in an easterly direction along and upon said South Ninth Street, carelessly and negligently propelled his said automobile into and against the rear end of plaintiff's automobile, causing plaintiff to entirely, without fault on his part, lose control of his said automobile and throwing the same to the easterly side of South 'L' Street and that by reason of being so thrown, as aforesaid, the motor in plaintiff's automobile ceased to operate and plaintiff was unable to start said automobile or to in any way change the position thereof. That at approximately the same time as plaintiff was struck by said automobile by defendant J. R. Dille, defendant Lee Harris was then and there driving a large truck owned and operated by the Union Oil Company of California, a corporation, along and upon said South 'L' Street in a northerly direction and that said Lee

Harris was then and there employed by said Union Oil Company of California as driver of said truck and was engaged so to drive said truck for said defendant Union Oil Company of California, and that at said time and place said defendant was driving said truck which then and there with its load was of a weight of approximately 16,000 pounds, approaching said street intersection and crossing at a rate of speed which said defendant knew, or should have known, would endanger the property and life and limb of said plaintiff and which in fact did endanger the property and life and limb of said plaintiff and which rate of speed was, under the circumstances, high and dangerous, to wit, about 25 miles per hour. That at a point approximately 200 feet before said truck reached the place to which plaintiff was thrown by the impact of said collision above set forth, the said Lee Harris saw, or by the exercise of his powers of observation could have seen, that plaintiff was unable to move his machine and unable to extricate himself from his said position and was in fact helpless in the path of said defendant's truck and that said defendant Lee Harris, while so driving the said truck of said defendant Union Oil Company of California, could have, notwithstanding the speed at which he was travelling, as aforesaid, without danger to himself or any other person, stopped said truck before it reached plaintiff, but that nevertheless said defendant Lee Harris failed and neglected to exercise any effort for plaintiff's safety, but proceeded directly toward plaintiff and carelessly and negligently propelled his said truck into and against plaintiff's car, totally destroying the same, striking, bruising and crushing plaintiff.''

The allegations of damages were substantially the same in each cause of action. It was alleged that, by reason of the collision the appellant's automobile was wholly destroyed to his damage in the sum of $450; that he had been compelled to expend and incur doctors' bills, nurse hire and attendance and expenses for drugs and medicines in the sum of $814.65; and

that he had received permanent personal injuries to his damage in the sum of $15,000. The general prayer of the complaint was for a judgment "against the defendants, and each of them, for the sum of $16,000.65, and for his costs and disbursements expended and to be expended" by reason of his action.

The defendant Dille and the respondents, Harris and the Union Oil Company, each appeared and answered separately. Their several answers were in substance the same. Each denied the allegations of the complaint on which liability was predicated, and each set up a plea of contributory negligence. The allegations of contributory negligence were denied by replies.

The proofs most favorable to the appellant, briefly stated, tended to show that, on the morning mentioned in the complaint, while the appellant was driving his automobile on the street named therein in a lawful manner, the defendant Dille carelessly and negligently drove his own automobile into the automobile of the appellant, causing the appellant's automobile to whirl around once or more until it came to a stop against the curb on the opposite side of the street, and that the impact bent the fenders of his automobile, broke one of its hind-wheels, and left the appellant personally in a dazed condition; and that while in this position, and unable to extricate himself, the respondent Harris, being then an employee of the Union Oil Company and engaged in the business of that company, carelessly and negligently drove one of its oil trucks into his automobile, although Harris could have seen his helpless situation when at a distance of one hundred and fifty feet away, and had ample time to avoid striking him either by stopping the truck or passing him to the left.

There was, however, no showing of a segregation of damages. While it is apparent that a part of the dam-

ages shown both to the appellant's automobile and to
his person were caused by the act of Dille and another
part by the act of Harris, there was nothing in the
evidence which would enable the jury to determine
what amount should be apportioned to each.

The jury returned the following verdict:

"We, the Jury, in the case of B. H. Young, Plaintiff,
against J. R. Dille, Lee Harris and Union Oil Co. of
California, a corporation, Defendants, find for the
Plaintiff and against the Defendants, and assess his
damages in the sum of

"J. R. Dille                      $ 400.00
"Lee Harris and Union Oil Co.    3600.00"

Thereafter the respondents Harris and Union Oil
Company moved for judgment notwithstanding the
verdict, or, in the alternative, for a new trial. The
motion for judgment notwithstanding the verdict was
based on the ground that there was no evidence before
the jury on which the verdict could rest, and the motion
for a new trial was based on the statutory grounds.
On the filing of these motions, the appellant entered a
*nolle prosequi* as to the defendant Dille, and moved for
judgment on the verdict against Harris and Union Oil
Company. The trial court made no formal order with
respect to the *nolle prosequi* as against the defendant
Dille or the motion for judgment notwithstanding the
verdict, but granted the motion for a new trial, enter-
ing an order to the following effect:

"The Court having heard the arguments of counsel,
and briefs submitted, and being fully advised in the
premises, and being of opinion that the segregation of
damages by the jury in its verdict made said verdict
improper and illegal, doth deny the motion and ap-
plication of plaintiff for judgment upon the verdict
against Lee Harris and the Union Oil Company, and
doth grant the motion of Lee Harris and the Union Oil
Company for a new trial.

"It is, therefore, by the court ordered, that the verdict of the jury in this case as against the defendants Lee Harris and Union Oil Company be and the same is hereby vacated, set aside and held for naught, and a new trial granted to the said defendants."

The present appeal is from the order granting a new trial.

The cause seems to have been tried in the court below on the theory that the defendants Dille and Harris were joint tort feasors. But it seems to us manifest that they were not such, either if the facts be considered from the allegations of the complaint or by the proofs shown at the trial. To be joint tort feasors, the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. Neither of these conditions were here present. The allegations and the proof are that Dille by one act of negligence caused the appellant certain injuries, and, that Harris, after the commission of this act of negligence, by an independent act of negligence caused him further and additional injuries. The acts have no relation to each other except nearness in time. But time is not a determinative consideration. If the acts are not joint in fact, or, if the acts do not unite in causing a single injury, they are as widely separated in law by the lapse of moments as they would be were they separated by the lapse of hours or days. Plainly, under the conditions here shown neither of the actors in the wrong could be responsible for the injuries caused by the other.

The jury, therefore, sensed the true situation when they made separate findings against the defendants. But the fault in the verdict lies in the fact that the evidence did not justify the findings. A part of the injuries for which recovery was sought was the de-

struction of the automobile. This was destroyed in part by the act of Dille and in part by the act of Harris. The injuries caused by each was capable of somewhat definite measurement, yet there was no attempt at measurement, and the jury could do no more than guess as to the extent of the damages each of the wrongdoers severally caused.

Since the case of *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209, it has been the rule of this court that, where a motion for a new trial is made on several grounds and the court grants it on a single specific ground, and an appeal is taken therefrom, the respondent can urge in this court, as a reason for sustaining the order, any or all of the grounds included in the motion. In this instance, one of the grounds for a new trial was the claim that the evidence was insufficient to sustain the verdict. Under the rule stated, the respondent is entitled to have the order of the trial court sustained on this ground if it is supported by the record, even though it was denied by the trial court, and even though the ground upon which the motion was granted may not be found sustainable.

Since, therefore, we conclude that the verdict is not sustained by the evidence, the order granting a new trial will be affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.

PEMBERTON, J., dissents.