[No. 18432.   Department Two.   November 18, 1924.]

D. B. FULLER et al., Respondents, v. DAVID D. FRIEDMAN
et al., Appellants.[1]

APPEAL (388, 406) — REVIEW — ERROR URGED BY RESPONDENT — GRANT OF NEW TRIAL.  On appeal from an order granting a new trial upon a specific ground or reason stated, respondent may, to sustain the order, urge any other ground covered by his motion.

APPEAL (269)—RECORD—STATEMENT OF FACTS—EVIDENCE ON MOTION FOR NEW TRIAL.  Upon appeal from an order granting a new trial on one specific ground or reason stated, which respondent could sustain upon any other ground covered by his motion, the appellant must bring up by bill of exceptions or statement of facts, a sufficient record to show that the motion should not have been granted upon any grounds stated, or the appeal will be dismissed.

Appeal from an order of the superior court for Spokane county, Blake, J., entered September 1, 1923, granting a new trial, after the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Appeal dismissed.

Danson, Williams & Danson (R. E. Lowe, of counsel), for appellants.

Tustin & Chandler, for respondents.

MITCHELL, J.—This action was brought to recover damages alleged to have been caused by the defendants in the negligent driving of their automobile.  The answer denied negligence and affirmatively alleged contributory negligence.  There was a verdict for the plaintiffs in the sum of $625.  They moved for a new trial upon the grounds, (1) irregularity in the proceedings which prevented them from having a fair trial, (2) misconduct of the defendants and the jury, (3) inadequacy of the damages appearing to have been given under the influence of passion and prejudice,

[1]Reported in 230 Pac. 155.

and (4) errors in law occurring at the trial and excepted to at the time by the plaintiff. The motion was granted, and in the order it is stated that the new trial is ordered "for the reason and upon the ground that the court committed error in improperly instructing the jury as to what constituted contributory negligence." The defendants have appealed and, though not bringing up any statement of facts or bill of exceptions, argue that, if the instruction as to contributory negligence was not correct, it is a case of error without prejudice, since the jury found for the plaintiffs in the substantial sum of $625, and that the new trial should not have been granted.

Notwithstanding former holdings to the contrary, we said in *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209:

"The correct rule of practice is now announced to be that, where, upon the consideration of a motion for new trial, the trial court enters an order granting the motion upon a specific ground or for a specific reason stated, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which were covered by his motion, and is not limited to the specific ground or reason upon which the trial court based the order."

See, also, *Parkhurst v. Elliott,* 103 Wash. 89, 173 Pac. 731, and *Young v. Dille,* 127 Wash. 398, 220 Pac. 782.

Relying on the rule, the respondents have moved to dismiss the appeal for the reason that the appellants have not brought up any statement of facts or bill of exceptions.

If appellants' argument that erroneous instructions on contributory negligence were not prejudicial to the respondents because they received a substantial verdict be conceded, still we think the motion to dismiss the appeal must prevail under the rule of prac-

tice above noticed, there being no statement of facts before us. The rule announced in *Rochester v. Seattle, Renton & Southern R. Co., supra,* that where the trial court grants a new trial upon a specific ground or for a specific reason stated, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which were covered by his motion and is not limited to the reason given by the trial court, means, when fairly considered, that it is the result, viz., the granting of a new trial, irrespective of any specified reason therefor, that controls; and that it is the duty of the party against whom the order was made, upon taking an appeal, to bring up a properly settled and certified record of the facts and successfully show that the motion for a new trial should not have been granted on account of any of the grounds stated in the motion. It is his appeal and he cannot ask that it be entertained unless he presents a record that responds in its fullness and dignity to the scope of the review provided for by the rule.

Motion to dismiss the appeal granted.

HOLCOMB, FULLERTON, MACKINTOSH, and PEMBERTON, JJ., concur.