liable for an act of others who have no association with and do not act in concert with him, and for whose conduct he is in no way responsible. *Nierenberg* v. *Wood, supra.*

"For the reason indicated, we conclude that the judgment under review should be reversed."

For the appellant, *Lazarus, Brenner & Vickers.*

For the respondent, *Joseph C. Paul.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Chief Justice Gummere in the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, MINTURN, BLACK, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.  9.

*For reversal*—None.

GIUSEPPINA LABELLA, ADMINISTRATRIX AD PROSEQUENDUM, ETC., APPELLANT, v. CHARLES W. DERR (AMENDED TO READ CARL W. DERR), RESPONDENT.

Submitted October 29, 1926—Decided January 31, 1927.

On appeal from the Supreme Court, in which court the following memorandum was filed by Chief Justice Gummere:

"These two suits were brought by the administratrix of Dimetrio LaBella to recover compensation for his death. In the act of crossing the Hudson County Boulevard, in the city of Bayonne, he was knocked down and run over by an automobile operated by Derr, the defendant in the second suit;

and, while lying helpless in the roadway, as the plaintiff alleged, and shortly after the happening of the original accident, he was run over by another automobile, belonging to the Mutual Casualty Company and operated by Brown, the defendants in the first suit. He was taken to the Bayonne Hospital, and died there shortly afterward.

"The averment set out in the complaint in the suit against Derr was that the death of the decedent was the proximate result of the original accident. In the suit brought against the Mutual Casualty Company and Brown, the averment of the complaint was that the act of Brown in running over LaBella while lying in the roadway was the proximate cause of the latter's death.

"When the cases were ready for trial it was agreed by counsel for the plaintiff and for the respective defendants 'that the two cases be tried together.' This was done, and a single verdict was rendered by the jury in favor of the plaintiff and against Derr, the Mutual Casualty Company and Brown in the sum of $12,000. This verdict was rendered in compliance with the instruction of the court, over the protest of counsel for the defendants Mutual Casualty Company and Brown, and a proper exception was taken and allowed to this judicial action. A single judgment having been entered on this verdict, the defendants have appealed from that judgment; the principal ground of appeal being directed at the alleged illegality of the judicial action just recited.

"Our consideration of this ground of appeal leads us to the conclusion that the rendition of a single verdict against the several defendants in these two independent actions, and the entry of a single judgment thereon against all of such defendants, were neither of them warranted by the mere fact that the cases were consolidated solely for the purpose of trial. In order to justify the direction of a single verdict, and the entry of a single judgment thereon, there must be an actual fusion, or merger, of the two actions into one, and such fusion, or merger, must appear upon the record of the single suit thereafter prosecuted. Moreover, in order to warrant the fusion, or merger, of two tort actions like the present, brought by the same plaintiff against different de-

fendants, it must appear that a single suit could have been maintained against all of them jointly; that is, that the injury complained of *was a single one,* although resulting from diverse and disconnected acts of negligence on the part of the respective defendants. Such is the underlying principle upon which the decision in *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.,* 56 *N. J. L.* 34, was rested. Where a person seeks to recover from several tort-feasors compensation for separate injuries resulting from distinct and disconnected wrongful acts, some of which were committed solely by one wrong-doer and other by entirely different persons, a single action will not lie in his behalf against all of such wrong-doers jointly. The correct rule upon this subject is thus stated in 38 *Cyc.* 484, as follows: 'Where wrong-doers have not acted in concert, and separate and distinct injuries are caused by the act or neglect of each, the liability is several only.' This rule was followed and is the basis of the decision in *Chipman* v. *Palmer,* 77 *N. Y.* 51, and also in the case of *Nierenberg* v. *Wood,* 59 *N. J. L.* 112. It is true that there may be difficulty in determining whether the death was caused by the one injury or the other, or whether it was the combined result of both; but this fact furnishes no reason for holding that one tort-feasor should be liable for an act of others who have no association with and do not act in concert with him, and for whose conduct he is in no way responsible. *Nierenberg* v. *Wood, supra.*

"For the reason indicated, we conclude that the judgment under review should be reversed."

For the appellant, *Lazarus, Brenner & Vickers.*

For the respondent, *Joseph C. Paul.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Chief Justice Gummere in the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, MINTURN, BLACK, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   9.

*For reversal*—None.

---

JOHN LEONARD, RESPONDENT, v. MICHAEL CACCIPPOLI ET AL., APPELLANTS.

Submitted October 29, 1926—Decided January 31, 1927.

On appeal from the Supreme Court, whose *per curiam* is printed in 4 *N. J. Mis. R.* 403.

For the appellant, *Walter George.*

For the respondent, *O'Brien & Tartalsky.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, MINTURN, BLACK, KATZENBACH, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.   11.

*For reversal*—None.