NELSON T. GORDON, JR., PRO AMI

*vs.*

H. G. LEE AND JOSEPH W. SCANNELL.

Kennebec.      Opinion, April 6, 1935.

*Andrews, Nelson & Gardiner,* for plaintiff.
*Robinson & Richardson,*
*Locke, Perkins & Williamson,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

DUNN, J. The question of leading interest is whether plaintiff, in his single action against two defendants for malpractice as surgeons, has declared them liable jointly for damages arising from the concurrence of actionable wrongs. The judge below holding that, as laid, neither tort, negligence nor liability were the same, and that in actions in form *ex delictu* there could not be different verdicts for different sums against different defendants upon the same trial, granted motions to dismiss the suit; plaintiff excepted.

The declaration contained six counts for maltreatment of plaintiff's crushed right foot and leg, with consequent amputation below the knee.

In two counts there is allegation of negligence on the part of one defendant (Dr. Lee) only.

In the remaining four counts plaintiff, in detailing negligence of the second defendant (Dr. Scannell), makes no claim that the other doctor was negligent.

There is averment in the six counts of responsibility severally for failure of the named individual defendant to possess and employ that reasonable degree of learning, skill and experience which ordinarily is possessed by others of his profession in the same neighborhood, failure to exercise reasonable and ordinary care and diligence in the exertion of his skill and the use of his knowledge, and likewise to exert his best judgment as to the treatment of the case intrusted to him.

Improper application, by Dr. Lee alone, of a cast so tight as to impair the circulation of the patient's blood, thereby producing

"the entire loss, damage and injury," is in gist what, involving him, the counts lay.

With the necessary changes, the counts against the other defendant (Dr. Scannell) aver the result proximately attributable to no tortious act but his. Failure to discover seasonably from examination that the cast had become too tight, and was preventing the flowing of blood, is, in summary, what is charged.

As the brief for plaintiff states, and as was said in argument at the bar, there is, in all the counts, language encompassing "defendants," who fell short of proper performance of duty. But, specifically, phrasing as a whole is equivalent to denial of joint tort-feasor responsibility, and the assertion of several liability. Allegation is of independent neglect through nonconjunctive delinquency of defendants. The especial count—the first, the last, any intermediate one—fairly interpreted, alleges, both as to negligence and to damage, a separate undertaking, improperly done, unrelated to breach of duty by anyone else.

A person who commits a tort is a tort-feasor.

Persons who do not cooperate, the harm by each being distinct, cannot be sued jointly, even though the harms may have been precisely similar in character. *Allison* v. *Hobbs*, 96 Me., 26, 51 A., 245, 246.

Persons who contribute to the commission of a tort are joint tort-feasors.

To be joint tort-feasors it is not essential that participants should have a common intent to work injury; it is sufficient if they have common intent to do that which results in injury. Some sort of community in the tort, injury in some way due to joint wrongdoing, must exist; not necessarily from acting in concert, because two tort-feasors, though acting apart, may unite in causing one injury. 1 *Shearn & Redf. Neg.*, Sec. 122; *Consolidated Ice Machine Co.* v. *Keifer*, 134 Ill., 481, 25 N. E., 799. "If such persons acting independently, by their several acts directly contribute to produce a single injury, each being sufficient to have caused the whole, and it is impossible to distinguish the portions of injury caused by each, they are then joint tort-feasors. . . ." *Allison* v. *Hobbs*, supra.

Plaintiff, to repeat, has not impleaded defendants jointly; he

has, in his own speech, made them parties "severally," i.e., each by himself, for what he only had done.

One, or any, or all, of several joint wrongdoers, may be sued, but no person is suable for any injury of which he is not the cause.

Where the tort may be joint, the joinder of more persons than were liable constitutes no objection, and one or more of them may be acquitted and a verdict taken against the others. 4 *Chit. Pl.*, 74. Independent tort-feasors may not, as a general rule, be joined by the plaintiff in one action as codefendants. 20 R. C. L., 708. This case is no exception.

The instant pleading sets forth not a mere misjoinder of parties, but a misjoinder of causes of action.

The law deals with things as they are; it is not for the court to speculate as to what results might have flowed, in law or in fact, from a dissimilar recital of facts. *Adler* v. *Pruitt*, 169 Ala., 213, 53 So., 315.

The defect being apparent of record, advantage of it may be taken by motion. *Chamberlain* v. *Lake*, 36 Me., 388. Such a motion in the circumstances operates in effect as a demurrer. *Rines* v. *Portland*, 93 Me., 227, 44 A., 925; *Hurley* v. *South Thomaston*, 101 Me., 538, 64 A., 1050.

The declaration is defective, but the writ should not have been dismissed. The case came within the statute (R. S., Chap. 96, Sec. 14,) relating to amendments. *Hudson* v. *McNear*, 99 Me., 406, 59 A., 546.

Since the writ was ordered dismissed, and plaintiff thus aggrieved, exception must be sustained.

*Exception sustained.*