WILLIAM LEISHMAN *v.* WILLIAM BRADY, JR., and MILTON CAMPBELL.

(*December* 20, 1938.)

HARRINGTON, J., sitting.

*Tunnell and Tunnell* for plaintiff.

*Daniel F. Wolcott* (of the office of Ward and Gray) for Milton Campbell, one of the defendants.

Superior Court for Sussex County, Action on the Case, No. 11, June Term, 1938.

HARRINGTON, J., delivering the opinion of the Court:

This case is before the court on a demurrer by Milton Campbell, one of the defendants in the action, to the plaintiff's declaration; and the question is whether the facts alleged are such that the defendants can be responsible to the plaintiff as joint tort feasors, or whether from those facts it is apparent that their liability, if any, is necessarily for

separate and distinct negligent acts, causing separate injuries, for which they cannot be sued in the same action.

In his brief, the plaintiff's attorney, designating the defendants by the letters A. and B., correctly says the precise question "is whether, or not, a joint liability in tort arises when, in an automobile collision, plaintiff's car is negligently struck head on and 'brought to a standstill' by the defendant A. and 'immediately' thereafter, while plaintiff's car was yet 'in a position of danger, to-wit: in the path of the said' defendant B's automobile (it) is, also, struck from the rear by the negligence of defendant B".

■ It cannot be denied that when two or more persons owe to another person a common duty, and by a common neglect of that duty, such other person is injured, there is a joint tort with joint and several liability. 1 *Cooley on Torts,* § 86, *p.* 216; *Matthews v. Delaware, L. & W. R. Co. et al.,* 56 *N. J. L.* 34, 27 *A.* 919, 22 *L. R. A.* 261.

■ But it is conceded that the weight of authority, also, supports the broader rule that when the negligent acts of two or more persons concur in producing a single indivisible injury, such persons are jointly and severally liable, though there was no common duty, common design, or concerted action. 1*Cooley on Torts,* § 86, *p.* 276; 26 *R. C. L.* 764; 47 *Harv. Law Rev.* 1131; *Matthews v. Delaware, L. & W. R. Co. et al.,* 56 *N. J. L.* 34, 27 *A.* 919, 22 *L. R. A.* 261; *Jackson, Adm'x v. Geiger,* 103 *N. J. L.* 490, 135 *A.* 917; *LaBella, Adm'x v. Brown* (two cases consolidated by agreement), 103 *N. J. L.* 491, 133 *A.* 82, 135 *A.* 918; see, also, *Hitchens v. Wil. & Phila. Traction Co.,* 3 *W. W. Harr.* (33 *Del.*) 375, 138 *A.* 617.

This rule was recognized by a dictum of the court in charging the jury in *Elliott v. Camper,* 8 *W. W. Harr.* (38 *Del.*) 504, 194 *A.* 130.

■ When, however, a person seeks to recover from several tort feasors compensation for separate injuries, resulting from distinct and disconnected wrongful acts, some of which are committed by one wrongdoer, and others by entirely different persons, a single action will not lie against all of such wrongdoers. *Jackson, Adm'x v. Geiger,* 103 *N. J. L.* 490, 135 *A.* 917; *LaBella, Adm'x v. Brown,* 103 *N. J. L.* 491, 133 *A.* 82, 135 *A.* 918; *Young v. Dille,* 127 *Wash.* 398, 220 *P.* 782; 1 *Cooley on Torts, Sect.* 86, *p.* 276; see, also, *Gordon v. Lee,* 133 *Me.* 361, 178 *A.* 353.

In this connection, Judge Cooley says: "if the results (of the negligent acts) as well as the acts are separable, in theory at least, so that it can be said that the act of each (tort feasor) would have resulted in some injury, however difficult it may be as a practical matter to establish the exact proportions of injury caused thereby, each can be held liable only for so much of the injury as was caused by his act." *Cooley on Torts, Sect.* 86.

From the allegations of the declaration, it is apparent that the negligent acts of the defendants were not only separate and distinct, but that they did not cause a single injury to the plaintiff.

■ Applying the principles above stated, it is, therefore, clear that the defendants cannot be joined in this action. The same conclusion was reached by the court in *Young v. Dille,* 127 *Wash.* 398, 220 *P.* 782, and in *Jackson, Adm'x v. Geiger,* 103 *N. J. L.* 490, 135 *A.* 917, *LaBella, Adm'x v. Brown,* 103 *N. J. L.* 491, 133 *A.* 82, 135 *A.* 918, both of which involved facts somewhat similar to those alleged in the declaration demurred to.

In *Young v. Dille, supra,* the court said [*page* 784]:

"To be joint tort-feasors the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. Neither of these conditions were here present. The allegations and the proof are that Dille by

"one act of negligence caused the appellant certain injuries, and, that Harris, after the commission of this act of negligence, by an independent act of negligence caused him [plaintiff] further and additional injuries. The acts have no relation to each other except nearness in time. But time is not a determinative consideration. If the acts are not joint in fact, or if the acts do not unite in causing a single injury, they are as widely separated in law by the lapse of moments as they would be were they separated by the lapse of hours or days."

On similar facts a different conclusion seems to have been reached in *Floun v. Birger,* (*Mo. App.*) 296 *S. W.* 203, but I am unable to agree with the reasoning of the court in that case.

It is true that in 1 *Thompson on Negligence, Section* 75, the author, also, says: "If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either, or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury". But the plaintiff draws inferences from that statement that are not justified under the facts of this case. Under some circumstances, successive, as well as concurrent acts, may perhaps make persons liable as joint tort feasors, but they must cause a single injury. 47 *Harv. Law Rev.* 1131; 48 *Harv. Law Rev.* 860; see, also, *Barnes v. Masterson,* 38 *App. Div.* 612, 56 *N. Y. S.* 939; *Gardner v. Friederich et al.,* 25 *App. Div.* 521, 49 *N. Y. S.* 1077, and cases *supra.*

Perhaps the same rule may apply in some cases where prior injuries are merely enhanced by subsequent acts (48 *Harv. L. Rev.* 860, *commenting on Aikman v. Mills Co.,* (*Ont. Sup. Ct.* 1934) 4 *D. L. R.* 264), but it is not necessary for me to consider that question, as no such facts appear in the declaration.

*Stucker v. American Stores Corporation,* 5 *W. W. Harr.* (35 *Del.*) 594, 171 *A.* 230, 231, merely involved a question of causation. The defendants were sued as joint tort feas-

ors, but that question was not considered by counsel or discussed by the court. The question of causation was, also, the only question involved in *Byrne, Adm'r v. Wilson,* (1863-1865) 15 *Ir. Com. Law* 332, cited by *Thompson on Negligence, Section* 75, *supra,* and so strongly relied on by the plaintiff.

For the reasons above given, the demurrer is sustained.