[No. 28989.  Department One.  June 16, 1943.]

DANIEL WHEELER et al., Respondents, v. NICK BILL et al., Appellants.[1]

*Arthur H. Hutchinson,* for appellants.

*Warren Hardy,* for respondents.

MALLERY, J.—Plaintiffs brought an action seeking triple damages for the willful cutting of trees upon their land and for damage to a spring thereon. The trial court dismissed the action and later granted a motion for a new trial. From this latter order, defendants appeal.

The court, in his oral decision, said among other things:

"We have the testimony of Mr. Kelly, the man who makes a business of surveying property and determining the lines of property, and he has been unable, he says, to determine where the corner was from which a start must be taken in order to ascertain exactly the lines of the property.

"For that reason, I will have to dismiss your action, for the reason that you have not established definitely

[1] Reported in 138 P. (2d) 857.

that this wood or timber was taken from your land and taken by the defendant. Furthermore, you have not established the quantity of timber taken."

The motion for a new trial, among other grounds, alleged newly discovered evidence as to the location of the boundary line. It was supported by an affidavit of an employee of the Weyerhauser Timber Company as to what its records show and what its employees know about it. The court entered a general order granting a new trial without specifying upon what grounds it was granted.

We are not now called upon to pass upon the admissibility of any or all of the evidence that may be adduced at a new trial.

The granting of a new trial is a matter of discretion, and will be reversed only upon a clear showing of abuse of this discretion. *Miles v. Mead,* 98 Wash. 215, 167 Pac. 106; *Parton v. Barr,* 174 Wash. 314, 24 P. (2d) 1070; *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583; *McInnes v. John,* 184 Wash. 144, 49 P. (2d) 909; *Ahrens v. Anderson,* 186 Wash. 182, 57 P. (2d) 410; *Wood v. Hallenbarter,* 12 Wn. (2d) 576, 122 P. (2d) 798; *Nelson v. West Coast Dairy Co.,* 5 Wn. (2d) 284, 105 P. (2d) 76, 130 A. L. R. 606.

When a motion for a new trial is granted upon general grounds, it may be sustained upon any proper ground. *Best v. Seattle,* 50 Wash. 533, 97 Pac. 772; *Young v. Dille,* 127 Wash. 398, 220 Pac. 782; *Fuller v. Friedman,* 131 Wash. 282, 230 Pac. 155; *State v. Douglas,* 193 Wash. 425, 75 P. (2d) 1005; *Kalinowski v. Y.W.C.A.,* 17 Wn. (2d) 380, 135 P. (2d) 852.

We find no abuse of discretion by the trial court.

Respondent did not file his brief in time and therefore will not be allowed his costs on appeal.

The order granting a new trial is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.