[No. 13205. Department One. July 7, 1916.]

## THE STATE OF WASHINGTON, *Respondent*, v. W. B. SCHROCK, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in the exclusion of a contract to prove a fact that was established by other evidence and undisputed is harmless.

WITNESSES—CREDIBILITY—INSTRUCTIONS. It is not prejudicial error, in giving a precautionary instruction on the subject of the credibility of the witnesses, to tell the jury, with unnecessary particularity, to take into consideration the witnesses' general character, business, antecedents, etc., where it applies alike to witnesses on both sides.

CRIMINAL LAW—APPEAL—HARMLESS ERROR—INSTRUCTIONS. An instruction telling the jury to refrain from calling to mind other criminal cases tried at the same term is not prejudicial error.

CRIMINAL LAW—NEW TRIAL—GROUNDS—SURPRISE—WAIVER. In a prosecution for uttering a forged note, a new trial should not be granted for surprise by evidence of a witness that he saw the accused write the note, admitted for the purpose of proving the accused's guilty knowledge of the forgery, where no objection was made and no surprise claimed and no continuance asked at the time.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 17, 1915, upon a trial and conviction of forgery. Affirmed.

*James B. Bruen* (*Victor Place*, of counsel), for appellant.
*Alfred H. Lundin* and *W. F. Meier*, for respondent.

ELLIS, J.—Defendant was charged jointly with one George L. Allen, alias George W. Lewis, under Rem. & Bal. Code, § 2587, with the crime of forgery in the first degree,

[1]Reported in 158 Pac. 1005.

by having in his possession a forged or altered instrument, knowing the same to be forged or altered, and uttering or offering to dispose of or put off the same as true, with intent to defraud. He demanded and was accorded a separate trial.

The evidence shows that one Sam Povich had contracted in writing to convey to one R. R. Woodward certain real estate, situated in King county, Washington, in which contract Woodward assumed a mortgage for $600 on the land made by one J. J. Elliott, a former owner, to one E. A. Everts. Subsequently there was a forged assignment of this mortgage made to Allen under the name of George W. Lewis, purporting to be executed by Everts, also a forged note to Everts purporting to be made by Elliott. Woodward testified that he saw the defendant write this note. The undisputed evidence shows that the defendant and Allen attempted to negotiate this note at a considerable discount. The defendant was found guilty and sentenced to a term in the penitentiary. He appeals.

It is first contended that the court erred in refusing to receive in evidence the real estate contract made by Povich to Woodward. On cross-examination, Woodward had identified this contract and had testified that in and by it he had assumed and agreed to pay the mortgage. The prosecuting attorney objected to this on the ground that the contract itself was the best evidence of its contents, but the court held that the oral testimony was admissible on cross-examination as bearing upon the credibility of the witness' statement in his examination in chief that he saw appellant write the forged note. Appellant's counsel did not then offer the contract in evidence, nor at any time until after the prosecution had rested and appellant's motion for a directed verdict had been denied. It was then offered as a part of the cross-examination of the witness Woodward as tending to discredit his testimony as to the forgery by

showing that he had assumed and agreed to pay the debt which the forged note purported to evidence. While it is true that this contract was admissible for the purpose stated, it is also true that the fact to which it was offered had already been admitted by the witness and was never questioned throughout the trial. Obviously the exclusion of the contract was in no way prejudicial.

It is next claimed that the court erred in giving the following instruction:

"In weighing the testimony of a witness, you should take into consideration his general character, what his business is, who he is, where he comes from, and what his antecedents are, if the same have been proven. These are all circumstances which it is proper for you to consider in determining for yourselves just what weight should be given to the testimony of any particular witness, either for the state or for the defendant, who has testified in the case."

It is urged that the court by this instruction led the jury to infer that one of lowly origin and humble birth should not be given the same credence as a witness occupying a higher station in life. The criticism is unfounded. While the instruction went unnecessarily into particulars and is not to be commended, it stated no incorrect legal principle. It was purely cautionary and by its terms applied alike to the witnesses for both sides. It was not prejudicial. *State v. Haynes*, 7 N. D. 352, 75 N. W. 267.

It is also claimed that the court erred in giving the following instruction:

"During the month some of you, if not all, have served as jurors in other cases where a defendant has been on trial accused of a crime; now, no evidence adduced in such a case can be considered by you in this case now on trial; neither are you to consider any remarks or comments made by the court, either before, during or after the trial of any other case—but I again admonish you that you must try this case upon the evidence and law of this case and this case only."

It is asserted that the effect of this instruction was such that the jurors could not refrain from calling to mind other criminal cases in which they had served. This is hypercritical. As said of the other instruction complained of, this instruction was purely cautionary. It was plainly intended to emphasize the admonition that this case must be tried upon the evidence and the law of this case only.

Finally, it is urged that the court erred in refusing a new trial on the grounds of surprise and newly discovered evidence. The claim of surprise is based on the fact that the appellant was charged with attempting to pass forged paper, not with actually executing the forgery. It is asserted, therefore, that, when Woodward testified that he saw the appellant write the note, the appellant was unprepared to meet the evidence. This evidence was admitted for the specific purpose of proving appellant's guilty knowledge of the forgery. It was competent for that purpose. When it was offered, no objection was made to its admission. There was then no claim of surprise, no demand for a continuance, no request for delay, not an intimation that the evidence was unexpected. Of the affidavits in support of the motion for a new trial, one was that of appellant himself to the effect that he did not write the forged note, that Woodward's testimony was false; and that one Vanasse, the next day after the close of the trial, told him that he, Vanasse, was acquainted with the handwriting of Woodward and in case of a new trial would swear that the forged note was in Woodward's handwriting, but that for various reasons he would not sign an affidavit to that effect. This was met by an affidavit of the assistant prosecuting attorney to the effect that, before the trial, Vanasse had compared the handwriting in the note with other writings of appellant and was present in the court room during the trial of the cause and at no time indicated that he had any knowledge of facts contrary to Woodward's testimony. Of the other affidavits in support of the motion, one relates to matters foreign to any

issue involved in the trial, and in three others the respective affiants state in substance that they would testify to a belief that appellant did not write. the note. Another affidavit was made by one of appellant's attorneys claiming surprise and lack of preparation at the trial to meet this evidence. These affidavits are wholly insufficient to make a predicate for a claim of abuse of discretion in the refusal of a new trial. A party will not be permitted to sit mute, claim no surprise at the trial, speculate on the verdict, and, when it is found against him, claim the right to a new trial on the ground of surprise. *State v. Gay*, 82 Wash. 423, 144 Pac. 711; *State v. Hodoff*, 88 Wash. 413, 153 Pac. 377.

A careful consideration of the record convinces us that appellant has had a fair trial.

Judgment affirmed.

MORRIS, C. J., MOUNT, FULLERTON, and CHADWICK, JJ., concur.