[No. 14756.   Department One.   September 23, 1918.]

THE STATE OF WASHINGTON, *Respondent,* v.
R. W. BLACKWOOD, *Appellant.*[1]

ROBBERY — EVIDENCE — POSSESSION OF MONEY — ADMISSIBILITY.
Where three defendants, jointly charged with robbery, acted in con-
cert, money found on each when arrested shortly after, is relevant,
although the prosecuting witness could not identify all his money,
nor any of the money found on two of them.

WITNESSES—CROSS-EXAMINATION—IMPEACHMENT. Where, at the
time of a robbery, the prosecuting witness was told that defendants
belonged to the I. W. W., it is proper cross-examination of a defend-
ant who denied commission of the offense to ask if he belonged to
the I. W. W.

SAME — CROSS-EXAMINATION — CREDIBILITY. In a prosecution for
robbery by defendants claiming to belong to the I. W. W., it is
proper cross-examination of defendant's witnesses to ask if they
belonged to the I. W. W., as bearing on their interest in the de-
fendants and affecting their credibility.

CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE. A new
trial for newly discovered evidence should not be granted where it
is not shown that it could not have been discovered by reasonable
diligence, and it would not likely change the result.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered October 5, 1917,
upon a trial and conviction of robbery.   Affirmed.

*N. M. Sorenson,* for appellant.

*Burt J. Williams* and *N. A. Pearson,* for respondent.

PARKER, J. — The defendants, Blackwood, Jerry
Young and H. Schram, were charged jointly with com-
mitting the crime of robbery in Chelan county. Trial
in the superior court for that county resulted in ver-
dict and judgment of conviction against Blackwood.
A separate trial was granted him upon his demand

[1]Reported in 175 Pac. 168.

therefor. He has appealed from that judgment to this court.

The prosecution proceeded upon the theory that the robbery was committed as the concerted action of all three of the defendants. The prosecuting witness, Erickson, testified, in substance, that, while resting in the shade on the bank of the river, in the town of Leavenworth, the robbery occurred as follows:

"Them fellows came over there, and Mr. Blackwood he was ahead and Schram was right after him, and Jerry Young had a bottle of alcohol or something like that in his hand. He takes a drink and he gives Schram a drink, and Blackwood comes right over where I was sitting on the left side and he hands that bottle to me, and I took that bottle and put it to my mouth, but I didn't drink it, and I handed it right over to Blackwood and he takes a drink of it; he handed it back to Jerry Young again and Jerry Young he says, 'You dig up $2 so we can have a bottle of liquor.' I said, 'I don't want any liquor and I don't want to give up any $2.' Then he says 'you got to look out for this bunch; they is I. W. W.'s.' I said like this, 'I don't see why I should be on the lookout for you fellows because I have did no harm to anybody.' Then Jerry Young, he says, 'Take the money away from him,' and he grabs my right wrist and Schram he takes hold of my other, left wrist, and Blackwood grabs me and chokes me, and the other hand he searched my pocket, and after he got the money he ran away. . . . He took $109 in cash, an $80 check, $80.51, and a handkerchief, silk handkerchief. . . . Well, I started to get out of there and Mr. Schram, he said, 'You go call on the marshal now and I will kill you,' but I didn't say nothing. I just went up the street and I called on the marshal, and them fellows, Mr. Schram and Mr. Young was still there."

Erickson immediately reported the robbery to the marshal of Leavenworth, and the three defendants were arrested within an hour or so after the robbery.

A silk handkerchief was found upon appellant which was identified by Erickson and his wife as his. One hundred and eighty-six dollars in currency was also found upon appellant, $7 was found on Young, and $17 was found on Schram. Erickson identified some of the bills found on appellant as being some of those he was robbed of, but could not identify as his money any of the money found on Young or Schram.

It is first contended in appellant's behalf that the trial court erred in admitting in evidence the money found on Young and Schram. Since the three defendants were jointly charged as having acted in concert in the commission of the robbery, and the prosecuting witness had so testified, we think the money found on each of the defendants was a relevant fact which could properly be shown by evidence in the state's behalf. It may be that the finding of these small amounts of money on Young and Schram soon after the robbery, and the failure of Erickson to identify any part thereof as his money, rendered this fact of but little probative force in the proving of appellant's guilt; but that of itself is not ground for excluding evidence of the fact. Plainly this evidence was not prejudicial to the rights of appellant, in that it excited prejudice in the minds of the jurors against appellant by directing their minds to some possible wrong he may have committed apart from the crime charged.

Appellant was asked by the prosecuting attorney if he belonged to the organization known as the I. W. W. It is claimed that the trial court erred in permitting this question to be asked and answered over the objection of counsel for appellant. Since appellant had testified upon his direct examination as to what occurred at the time he was present with Erickson when the latter claimed he was robbed, and had denied commission of the alleged robbery, and the state's evidence

had tended to show that the robbery was committed by the three defendants acting in concert, at the same time warning Erickson that "You got to look out for this bunch; they is I. W. W.'s," we fail to see wherein this was not proper cross-examination.

The same question was permitted by the court to be asked of and answered by some of appellant's witnesses upon their cross-examination by the prosecuting attorney, over the objections of counsel for appellant. Plainly this was not error. The question and answer bore directly upon the witnesses' interest in the defendant, and the answer was, therefore, relevant to the question of the witnesses' credibility.

Contention is made in appellant's behalf that the trial court erred in refusing to grant his motion for a new trial upon the ground of newly discovered evidence. The affidavits submitted in support of this motion fail to show that the evidence sought to be produced is in law newly discovered; that is, that appellant or his counsel could not have, by reasonable diligence, discovered it before the trial. Besides, it seems to us, as it evidently did to the trial court, that the alleged newly discovered evidence would not be likely to change the result upon a new trial. We think the court did not err in denying the motion.

Some other claims of error are briefly argued. We think they are without merit and do not call for further discussion.

The judgment is affirmed.

MAIN, C. J., TOLMAN, MITCHELL, and FULLERTON, JJ., concur.