[No. 16960. Department One. April 19, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v̇. ELMER H.
TIBBITS, *Appellant.*[1]

CRIMINAL LAW (144)—PRIVATE WRITINGS—DAILY REPORT SLIPS.
In a prosecution for embezzlement, a daily report slip which it was
the duty of accused to make, is admissible although it was not a
complete record of the day's business.

EMBEZZLEMENT (18)—EVIDENCE—SUFFICIENCY. Embezzlement by
appropriating money collected by an employee, is a question for the
jury where the amount taken was paid by check drawn in the em-
ployer's name, endorsed and received by accused, but not reported
on the daily slips, and accused claimed to have accounted for the
proceeds in another book which the employer testified did not exist.

CRIMINAL LAW (353)—NEW TRIAL—SURPRISE. A claim of sur-
prise, to authorize a new trial, must be made at the time it occurs,
or it is waived.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered February 28, 1921,
upon a trial and conviction of grand larceny. Affirmed.

*J. W. Graves,* for appellant.

*William C. Meyer* and *Chas. H. Ennis,* for respond-
ent.

FULLERTON, J.—This is an appeal from a judgment
of conviction on a charge of grand larceny. The ap-
pellant, Tibbits, was employed by a partnership firm
composed of one Peter Paulus and one Sam Peters,
doing business as the Athens Bakery & Grocery Com-
pany, to solicit and make sales of the firm's goods to
the local trade; a part of his duty being to make collec-
tions for the goods sold by him. The specific charge
for which he was convicted was the appropriation to

[1]Reported in 206 Pac. 372.

his own use of thirty-one dollars and ninety-two cents, collected from one of the firm's customers on December 16, 1920.

It was the appellant's duty, and was his practice, to make daily reports to the firm of his sales and collections. These were made on slips prepared for the purpose and were turned into the firm at the end of the day's business. As a part of its case, the state offered and was permitted to introduce in evidence the slip returned as representing the sales made on the date above given. Its admission in evidence constitutes the first of the appellant's assigned errors. The objection urged against it is, that it was not a complete record of the day's business transacted by the appellant for the firm; that the evidence showed that certain items of debit and credit were entered in another book kept by the appellant for the firm, and that items of this sort did not appear upon the slips. It is true that the appellant testified that there was another book in which entries of this sort were made, but the evidence of the members of the partnership was to the contrary; their testimony being that these slips contained the only reports made by the appellant. Under these conditions the slip was plainly admissible. Its effect as evidence against the appellant was, of course, for the jury, but it was a circumstance which the jury were entitled to consider in making up their verdict.

The next assignment is that the evidence was insufficient to justify a conviction. It is to this point the argument of the appellant's counsel is mainly directed, but we do not feel that any useful purpose would be subserved by reviewing the evidence at length. The particular sum in question was paid by a check drawn in the firm's name, and there is no dispute that the ap-

pellant endorsed the check and received the money, and that he did not report the collection on the daily slip we have before mentioned. His contention was that it was accounted for in the other book which he described, and which the members of the firm say had no existence. This dispute was within the province of the jury to determine, and the evidence is by no means convincing that they did not correctly determine it.

The appellant called as a witness on his own behalf one Walter Wallace. This witness, in answer to questions put to him by appellant's counsel, testified that he was employed by the appellant to aid in soliciting sales of the firm's goods and was paid for his services by the appellant. In his cross-examination he reiterated the statement, testifying further that he was not employed by the firm to perform the services and was not paid by them for the services performed. The appellant moved for a new trial, and in his supporting affidavit avers that he was surprised at this testimony, and avers further that if granted a new trial he can "establish that the said witness, Wallace, worked on the inside the store of said Athens Bakery & Grocery, during the illness of this affiant." The argument is made that this evidence was highly prejudicial to the appellant, and pending the trial, which was then near its close, he was unable to find controverting evidence. But the appellant's claim of surprise comes too late. Such a claim must be made at the time the surprise occurs, otherwise it is waived.

"A party will not be permitted to sit mute, claim no surprise at the trial, speculate on the verdict, and, when it is found against him, claim the right to a new trial on the ground of surprise." *State v. Schrock*, 92 Wash. 69, 158 Pac. 1005.

See, also, *State v. Gay*, 82 Wash. 423, 144 Pac. 711; *State v. Hodoff*, 88 Wash. 413, 153 Pac. 377.

No reversible error appearing in the record, the judgment will stand affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.