[No. 19886. Department One. May 11, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Alberto Alfani, Plaintiff*, v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY, *Respondent.*[1]

[1] CRIMINAL LAW (18)—VENUE (18)—INSANITY AFTER CONVICTION —GROUNDS FOR CHANGE—PREJUDICE OF JUDGE. A stay of execution after sentence of death, to determine whether the condemned has become insane since his trial and sentence, is not "an action or proceeding" within Rem. Comp. Stat., § 209-1 authorizing a change of judges on account of bias and prejudice; since a court may control its own execution and it is a matter directed to the conscience and discretion of the judge.

Application filed in the supreme court March 18, 1926, for writ of mandamus to compel the superior court for Grays Harbor county, Hewen, J., to grant a change of judges on the ground of prejudice. Writ denied.

[1]Reported in 245 Pac. 929.

*Harry Ellsworth Foster, Louis F. Buty, Herbert C. Bryson,* and *Alberto Alfani,* for relator.

*A. E. Graham,* for respondent.

ASKREN, J.—Guido Grossi was convicted in Grays Harbor county, in 1923, of the crime of murder in the first degree. The jury fixed the death penalty. Upon appeal to this court, the conviction was affirmed. *State v. Grossi,* 131 Wash. 260, 230 Pac. 164. The trial court of Grays Harbor county thereupon sentenced him to be hanged on February 13, 1925. On February 12, 1925, a petition was filed in the superior court of Walla Walla county, that being the county in which the state penitentiary is located, alleging that he was insane. Upon hearing, the superior court of Walla Walla county entered an order restraining the warden of the penitentiary from proceeding with the hanging. Upon appeal to this court, the order was affirmed, upon the ground that the date for the hanging had passed and the question was therefore moot. *Grossi v. Long,* 136 Wash. 133, 238 Pac. 983. Thereafter Grossi was returned to Grays Harbor county, and since that date has been confined in the county jail.

On the 8th day of March, a petition was filed by the Royal Italian Consul alleging that Grossi was a subject of the Kingdom of Italy, and praying that an order be entered restraining the prosecuting attorney of Grays Harbor county from proceeding in the matter of the sentence of Grossi until his mental condition could be determined. It was designated a habeas corpus petition; was filed as a new case, and accompanying it was an affidavit of prejudice against the Hon. H. W. B. Hewen, the judge who tried the criminal case. Thereafter the prosecuting attorney filed a petition in the criminal case suggesting the defendant's supervening insanity, and asking the court to determine the question.

The court treated the habeas corpus petition as an application to determine Grossi's sanity, consolidated the two petitions as one in the criminal action, and denied the application for a change of venue. Thereupon application was made to this court for a writ of mandamus to compel the superior court to grant a change of judges.

[1] The authority for a change of judges is found in Rem. Comp. Stat., § 209-1, as follows:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in the cause. In such case the presiding judge shall forthwith transfer the action to another department of the same court, or call in a judge of some other court, or apply to the governor to send a judge to try the case; or, if the convenience of witnesses or the ends of justice will not be interfered with by such course, and the action is of such a character that a change of venue thereof may be ordered, he may send the case for trial to the most convenient court."

At the time of the trial of the original charge, Grossi pleaded insanity as a defense to the charge. The verdict of the jury foreclosed that question, so that the sole question now to be determined is whether he has become insane since his conviction.

It is the contention of relator that this is a proceeding within the purview of § 209-1, *supra*. The general rule, of course, is that an application for a change of venue comes too late, if made after submitting any question to the court's determination. But relator urges that the decision in *Cooper v. Cooper,* 83 Wash. 85, 145 Pac. 66, recognizes the right to a change of judge, even after judgment where there is a new issue to be determined. An inspection of that case, however,

shows that the statute providing for the filing of a petition to vacate or modify a judgment made provision for what we termed

" . . . a new and independent proceeding in which the adverse party is brought into court as upon original process by service of a notice in the nature of a summons as in an original action.''

There is no statutory authority for determining the question of supervening insanity after sentence.

In determining whether this is such a proceeding as is contemplated by § 209-1, *supra,* it may be well to inquire whether or not Grossi has any right to have such a hearing. It should be observed that the question of his sanity at the time of the trial, and his responsibility for the murder he committed, have been foreclosed against him. When the date for hanging has been fixed, the question of supervening insanity is not a right which a defendant may urge before the court, but any action comes only as a request to the court to stay the execution of its sentence for humanitarian reasons. There is no issue then before the court to be tried out, unless the court is satisfied from a personal examination, or otherwise, that there is a question as to defendant's sanity. If the court is satisfied that the defendant is insane, or there is a doubt as to his sanity, it has the right, in the interests of humane legal procedure to stay the execution of its writ, but it is an application directed solely to the court's discretion and conscience. The court has a right to control its own execution and to issue proper orders in fulfillment thereof, and when so made, they are not subject to be set aside by a court of like jurisdiction.

This precise question has never been presented to us before, nor have we been cited to any authority upon the matter. Our decision, however, in *State v. Nordstrom,* 21 Wash. 403, 58 Pac. 248, 53 L. R. A. 584, lends

much support to this view of the matter. In that case
we quoted approvingly from *Spann v. State,* 47 Ga.
549, where the defendant, after sentence to hang, was
alleged to have become insane. The supreme court
refused a writ of review of the proceedings inquiring
into such insanity, and said:

"The whole proceeding is merely a stay of execu-
tion, and is based rather upon the public will, and a
sense of propriety, than on any right in the prisoner.
. . . It is rather a perversion of terms to call an
inquisition of this kind the act of a court, and to exer-
cise in reference to it the writ of *certiorari.* The whole
proceeding is rather an inquiry based on public pro-
priety and decency, than a matter of right, and whilst
I do not say that a *certiorari* will not lie at all, yet, for
myself, I greatly doubt if such was the intent of the
lawmakers."

In that opinion we also quoted from *Laros v. Com-
monwealth,* 84 Pa. St., 200:

"The plea [of insanity] at this stage is only an ap-
peal to the humanity of the court to postpone the pun-
ishment until a recovery takes place, or a merciful dis-
pensation. The rights of the prisoner as an offender
on trial for an offense are not involved. He has had
the benefit of a jury trial, and it is now the court only
which must be satisfied on the score of humanity."

See, also, *Bulger v. People,* 61 Colo. 187, 156 Pac. 800.

We think it plainly apparent that, when appli-
cation is made to the court to stay its execution, what-
ever the court does in passing upon the petition or
application is not such an "action or proceeding" as
is contemplated in the statute. There will, of course,
be apparent to every practitioner the many practical
objections to any rule that will permit a defendant to
try out before a judge and jury not only the question
of his guilt upon the criminal charge, but also the
question of his sanity at the time of the commission of

the offense and at the time of the trial, and then, after sentence, to again present to a judge other than the one who heard the original action the question of supervening insanity. These need not be detailed here, inasmuch as there is no statutory authority for a change of venue upon an application to the trial court to stay its execution in such a matter.

The writ is denied.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.