[No. 20665.   Department Two.   December 22, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY
KILE, *Appellant*[1]

[1] INTOXICATING LIQUORS (30, 50)—BOOTLEGGING—EVIDENCE—SUF-
FICIENCY. A conviction of bootlegging is sustained by evidence
indicating that the accused, having accepted the money for a
gallon of moonshine whiskey, went to a place where it was
secreted and carried it to the purchaser's automobile, parked
near by.

[2] CRIMINAL LAW (451)—REVIEW—HARMLESS ERROR—CONDUCT OF
COUNSEL. Error cannot be assigned upon the improper conduct
of the prosecuting attorney, where it was promptly corrected
by the trial court and the jury instructed to disregard it.

[3] NEW TRIAL (27)—GROUNDS—ABSENCE OF WITNESS. Error cannot
be assigned upon accused's inability to call a witness who was
not properly subpoenaed because of an error in his initials,
where no continuance was asked until such time as he could
be brought in.

[4] INTOXICATING LIQUOR (30, 50)—BOOTLEGGING—EVIDENCE—SUF-
FICIENCY. A conviction of bootlegging is sustained by the
positive evidence of one witness who testified to purchasing the
liquor from the accused, notwithstanding such witnesses' state-
ments and the evidence of others to the contrary, the question
being for the jury.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered January 25, 1927,
upon a trial and conviction of bootlegging. Affirmed.

*John F. Aiken*, for appellant.

*Chas. W. Greenough* and *Frank Funkhouser*, for
respondent.

MAIN, J.—In the first count in the information in
this case, the defendant was charged with unlawfully
carrying about with him intoxicating liquor for the
purpose of unlawful sale, and in the second count,
with opening up, conducting and maintaining a place

[1]Reported in 262 Pac. 146.

for the unlawful sale of intoxicating liquor. The jury found him guilty of the first charge—that of bootlegging—and acquitted him of the second. Motion for new trial being made and overruled, judgment and sentence was entered, from which the defendant appeals.

The appellant operated what is called a barbecue lunch place, at Millwood in Spokane county. Arthur Roberts, a high school boy of the age of sixteen years and who owned a Ford automobile in which he delivered newspapers, testified to the purchasing of moonshine whiskey from the appellant on two or three occasions. The procedure, as this witness detailed it, was that he would go into the lunch place, pay the appellant eight dollars for a gallon of moonshine whiskey. The appellant would leave the place, be gone about ten minutes, and then return. During his absence, Roberts would remain in the place. After the appellant's return, Roberts would go out to his automobile and the gallon jug of moonshine whiskey would be therein.

[1] It is first contended that the appellant, if guilty of anything, is guilty of liquor in possession, and not of bootlegging. In *State v. Gumm*, 141 Wash. 355, 251 Pac. 273, a conviction of bootlegging was sustained where the evidence showed that the accused conducted the purchaser to a place where the whiskey was secreted and sold it to him, under circumstances tending to show that he, or his confederates, had carried it there for the purpose of unlawful sale. The facts of the present case bring it within the holding in that case.

[2] It is next contended that the deputy prosecuting attorney, who tried the case, was guilty of misconduct which should require the granting of a new trial. The conduct of the deputy prosecutor, so far as it was improper, was promptly corrected by the

trial court and the jury instructed to disregard it. There was no prejudicial error in this regard.

[3] The next contention relates to the failure of the appellant to be able to call a witness for which a subpoena had been issued. In the subpoena, as issued, the initials were incorrect. The witness, however, as did two others, in response to communication from the attorney for the appellant, came to the court house and two of them were called as witnesses. The one whose initials were incorrect was not called because, as it is contended, he left the court house at the suggestion of a deputy sheriff, he not having been served with a subpoena because of the incorrect initials to his name. The trial court investigated this matter thoroughly and found no improper conduct on the part of the deputy sheriff. In any event, the record does not disclose that the appellant asked for a continuance until such time as the witness could be brought in. There was no error which would justify the granting of a new trial.

[4] Finally it is contended, and this appears to be the appellant's principal point, that the evidence is not sufficient to sustain a conviction. The state's case rested largely upon the testimony of the witness Roberts, above referred to. The next day, after he had purchased the last gallon of moonshine whiskey, as he testified, he was arrested, with two pints of it in his possession. He was placed in jail and kept there for probably about ten days. During the time that he was in jail, he stated, on two occasions, to the officers that he had not purchased the liquor from the appellant, but that he had purchased it from another man. He made this same statement in the prosecuting attorney's office and also in the office of the attorney for the appellant. A number of witnesses testified for the appellant to facts which, if the jury believed, would undoubtedly have resulted in an acquittal. Whether

Roberts told the truth upon the witness stand, or upon the prior occasions, and whether his testimony was overcome by the testimony of other witnesses was plainly for the determination of the jury. The court cannot say, as a matter of law, that the evidence offered by the appellant overcame that of the state. The evidence of Roberts, if believed by the jury, was sufficient to sustain a conviction.

The judgment will be affirmed.

MACKINTOSH, C. J., HOLCOMB, FULLERTON, and ASKREN, JJ., concur.