[No. 26806. *En Banc.* February 4, 1938.]

THE STATE OF WASHINGTON, *Appellant,* v. CLAIRMONT DOUGLAS, *Respondent.*[1]

STEINERT, C. J., and MILLARD, J., dissent.

[1]Reported in 75 P. (2d) 1005.

*B. Gray Warner, Harry A. Bowen,* and *Charles C. Ralls,* for appellant.

*Longfellow & Fitzpatrick,* for respondent.

BEALS, J.—The defendant in this action, Clairmont Douglas, was by information charged with having failed to stop after an automobile accident in which the car he was driving participated. Specifically, it was charged that Douglas was driving north along Fourth avenue south, in the city of Seattle, and struck and injured one F. A. Himes, and that defendant

". . . did fail, neglect and refuse to stay and render such aid and assistance as was required by the said F. A. Himes, and did fail to convey the said F. A. Himes to a physician and surgeon for medical and surgical treatment as was required by the said F. A. Himes."

The defendant entered a plea of not guilty, his trial before a jury resulting in a verdict of guilty as charged. Defendant seasonably moved for arrest of judgment and for a new trial. The trial court denied the motion for arrest of judgment, but granted defendant's motion for a new trial; and from the order granting a new trial the state has appealed.

Appellant contends that respondent's motion was improvidently granted, and that this court should reverse the order appealed from and direct that judgment and sentence be entered upon the verdict.

It appears from the evidence that two officers of the Seattle police force, Lieutenants C. L. Decker and F. A. Himes, while driving toward Seattle on the evening of February 21, 1937, saw a car which, in their opinion, was being driven recklessly, one end of the front bumper dragging on the pavement and the right front wheel being missing. After several attempts, the officers stopped the car, which was being driven by one

William Brown, and engaged in some conversation with Brown, while standing beside the latter's car. The machine driven by respondent Douglas approached from the south, and struck the Brown car, severely injuring Lieutenants Himes and Decker. On the trial, respondent testified that two young ladies who were riding in his car were severely injured by the collision; that he remained around the scene of the accident for approximately ten minutes; that the car in which the officers had been riding, together with a driver, was available to them; and that respondent believed that he should take his own passengers to a place where they could receive necessary attention.

Respondent seasonably requested that William Brown, the driver of the car which had been stopped by the officers, be subpoenaed as a witness on respondent's behalf, and a subpoena for Mr. Brown was regularly issued. The order granting a new trial recites the issuance of the subpoena,

". . . and that through mistake in address the sheriff of King county was unable to serve the said William Brown, and the court being of the opinion that the testimony of said William Brown would have been material in the trial of said cause, and might have affected the result thereof and that the failure of the sheriff to serve the subpoena and produce said William Brown at the trial hereof entitled the defendant to a new trial . . ."

Prior to signing this order, the trial court had before it certain affidavits filed by respondent in support of his motion for a new trial, including the affidavit of William Brown.

Appellant argues that the record shows that the affidavits filed in support of respondent's motion, together with the evidence which had been introduced and the verdict of the jury, show that the order granting a new trial was improvidently entered and should be

reversed. Appellant argues that Mr. Brown's affidavit demonstrates that the testimony which he would give is immaterial or incompetent; that Brown's statements to some extent contradict respondent's evidence; and that the verdict would nowise be influenced thereby.

Rem. Rev. Stat., § 2181 [P. C. § 9341], provides that a motion for new trial may be granted for the following causes:

"(1) When the jury has received any evidence, paper document, or book not allowed by the court;

"(2) Misconduct of the jury;

"(3) Newly discovered evidence material for the defendant, which he could not have discovered with reasonable diligence, and produced at the trial;

"(4) Accident or surprise;

"(5) Error of law occurring at the trial and excepted to by the defendant;

"(6) When the verdict is contrary to law and evidence; but not more than two new trials shall be granted for these causes alone."

Respondent based his motion for a new trial upon all of the statutory grounds, but we cannot find that the reason assigned by the trial court for the granting of respondent's motion for a new trial falls within any of the statutory provisions.

■ Any testimony which Mr. Brown might give cannot be properly classified as newly discovered evidence. Respondent knew about Mr. Brown's presence in the latter's car at the time of the accident, and in support of his motion for a new trial, respondent stated in his affidavit that he had obtained the address of William Brown from one Lee Taylor, a passenger in Brown's car. Mr. Brown, in his affidavit, stated that he tendered his name to respondent as a witness.

The subpoena directed to William Brown and other of respondent's witnesses was ordered to be issued April 20, 1937. The trial followed in approximately

two weeks, and it does not appear that, during this period, respondent made any effort to ascertain whether 'or not the witnesses whom he desired summoned on his behalf had been regularly served with the subpoena. Respondent at all times was aware that Mr. Brown knew a good deal about the circumstances of the accident, and ordinary prudence should have led respondent, if he felt that Mr. Brown's testimony was important to respondent's defense, to see Mr. Brown and ascertain the nature and extent of his testimony and whether or not he would be present at the time and place set for the trial. One in respondent's position must exercise diligence. *State v. Blackwood,* 103 Wash. 529, 175 Pac. 168.

Respondent argues that Mr. Brown would testify to certain matters concerning which respondent had not previously had any information, but it does not appear that any such information was concealed from respondent, or that the same was not at all times available to him and would have been disclosed by any discussion of the matter of the accident with Mr. Brown.

While it is doubtless true that Mr. Brown would have been regularly subpoenaed as a witness if the sheriff had had his correct address, it does not appear that the mistake was the fault of the sheriff, or that the latter was careless or indifferent in attempting to serve the subpoena.

During the trial of the cause, the following occurred just after the close of respondent's evidence:

"By respondent's counsel: If your Honor please, there is one witness on our list that we asked to be summoned by the sheriff. The state did not have him on their list. That is Mr. Brown, and he has not shown up. I do not know whether the sheriff subpoenaed him or not. Have you any information, Mr. Ralls? MR. RALLS: No, I have not. MR. FITZPATRICK: The

defense rests, Your Honor. THE COURT: Is there any rebuttal? Mr. RALLS: No, Your Honor, the state rests."

No request was made for time within which to endeavor to ascertain Mr. Brown's whereabouts. The trial was not a particularly short one, and plenty of opportunity was offered respondent to ascertain whether or not his witnesses were present. Respondent, having made no request of the court for a continuance, or for even some delay, to afford an opportunity to find his witnesses, cannot contend that the court erred in denying him any relief, as he asked for none.

Persons accused of crime are granted process to compel the attendance of their witnesses, but they in turn must exercise diligence, not only in seasonably requesting the subpoenas which they desire, but in ascertaining whether or not the subpoenas have been served, and on the trial whether or not the witnesses are present. If one accused of crime feels that, because of the absence, through no fault of his own, of a witness whose testimony he deems material to his defense, he cannot safely proceed, the matter must seasonably be brought to the attention of the trial court and appropriate relief asked. The defendant cannot gamble upon the result, and if the verdict be unfavorable, then demand a new trial. *State v. Schrock*, 92 Wash. 69, 158 Pac. 1005; *State v. Tibbits*, 119 Wash. 611, 206 Pac. 372; *State v. Kile*, 146 Wash. 187, 262 Pac. 146; *State v. Donati*, 149 Wash. 53, 270 Pac. 100.

When at the close of respondent's case he discovered that Mr. Brown was not present in court, a fact which he should have known prior to that time, he made no request for delay or for any relief whatsoever, but rested his case. Under all the circumstances disclosed by the record, respondent could not later contend that

testimony which, after the trial, Mr. Brown informed him he would give, constitutes newly discovered evidence.

The grounds upon which a new trial in a criminal prosecution may be granted are prescribed by statute (Rem. Rev. Stat., § 2181, *supra*), and placing upon the language of this statute a most liberal construction, it still cannot be held that the ground upon which the court granted a new trial, as expressly stated in the order appealed from, falls within the statute. *State v. Blackwood*, 103 Wash. 529, 175 Pac. 168.

The statute expressly confers upon the trial court the right to grant a new trial "when the verdict is contrary to law and evidence," and this court has often upheld orders granting new trials upon very general grounds, properly holding that the discretion of the trial court, when exercised in accordance with law, is extremely broad and general in its scope. In the case at bar, however, the order appealed from is not merely a general order granting a new trial, but carefully states the particular reason for the granting of respondent's motion. We are constrained to hold that the reason stated does not fall either within the statutory grounds for granting a new trial or within the bounds of any sound discretion which the trial court might exercise in granting such relief. If the mere failure of the sheriff to serve a subpoena and produce a witness called for by the defendant in a criminal prosecution, when the defendant himself takes no steps to protect his own interests during the trial, would entitle such defendant, after a verdict of guilty, to a new trial, criminal verdicts will rest upon an extremely insecure foundation.

Under our established practice, on an appeal from an order granting a new trial, this court, after holding that the order appealed from cannot be sustained

upon the ground specifically assigned therein, will nevertheless search the record for the purpose of ascertaining whether or not the order may be sustained upon any other statutory ground assigned by the moving party in support of his motion. *Rochester v. Seattle, R. & S. R. Co.,* 75 Wash. 559, 135 Pac. 209; *Young v. Dille,* 127 Wash. 398, 220 Pac. 782; *Fuller v. Friedman,* 131 Wash. 282, 230 Pac. 155; 7 Bancroft's Code Practice, 8163. Applying this rule, it must nevertheless be held that the order appealed from cannot be affirmed. The order cannot be sustained on either grounds numbered three or four, *supra,* and no possible basis exists for upholding the order on grounds numbered one, two or five. This leaves only the last cause mentioned, "when the verdict is contrary to the law and evidence." While under the evidence the jury might have returned a different verdict, the verdict which was returned is clearly supported by competent evidence. This was evidently the opinion of the trial court, as a new trial was not granted under the sixth cause set forth in the section above quoted.

For the reasons assigned, the order appealed from is reversed, with instructions to the trial court to enter judgment upon the verdict and proceed in accordance with the statute.

HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.

MAIN, J. (concurring in the result)—I concur in the result in this case upon the ground that the respondent, not having requested a continuance until the witness Brown could be produced or his absence accounted for, was not entitled to prevail upon his motion for a new trial.

BLAKE and ROBINSON, JJ., concur with MAIN, J.

MILLARD, J. (dissenting)—The statutory enumeration of grounds for a new trial does not restrict the common law power of the court to grant a new trial for any ground whenever justice requires.

"The discretion to grant a new trial to the end that justice might be attained existed at common law as an inherent power of the court, independently of statute. As pointed out in *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175, this inherent power is recognized in the first reported case upon the subject. *Wood v. Gunston,* Style 466 (1655), and is amply expounded and sustained by Lord Mansfield in *Bright v. Eynon,* 1 Burr. 390, 395. The statutory enumerations of grounds for a new trial do not restrict this inherent power in the absence of an express restriction." *Cranford v. O'Shea,* 75 Wash. 33, 39, 134 Pac. 486.

The statute (Rem. Rev. Stat., § 2181 [P. C. § 9341]) does not attempt to limit the inherent power of the court. The statute recites that, for certain causes, the court may grant a new trial. The legislature did not say that the trial court shall not grant a new trial for any other cause.

"It may well be argued that the legislature could not, even if it should attempt to, control or limit the inherent power of the court in this respect. There is respectable authority for such argument and contention, but we are not called upon to decide that question here. It is, at least, the rule in this state judicially pronounced, that the enumeration of grounds for new trial does not restrict the inherent power of the court to grant a new trial for any other sufficient cause, unless the restriction is expressed. In *Sylvester v. Olson,* 63 Wash. 285, 115 Pac. 175, it is said:

" 'The inherent power of the courts to grant a new trial where it appeared that an injustice had been done is recognized in the first case reported on that subject of the law. *Wood v. Gunston,* Style 466 (1655). In *Bright v. Eynon,* 1 Burr. 390, 395, Lord Mansfield said:

" ' "The rule laid down by Lord Parker, in the case

of the *Queen* against *The Corporation of Helston*, H. 12
Ann. B. R. (Luca's Rep. 202), seems to be the best
general rule that can be laid down upon this subject,
viz., 'doing justice to the party,' or, in other words,
'attaining the justice of the case.' The reasons for
granting a new trial must be collected from the whole
evidence, and from the nature of the case considered
under all its circumstances."

" 'The enumeration of grounds for a new trial "does
not restrict the inherent power of the courts to relieve
a party where an injustice has been done, or to grant
new trials for any other sufficient cause not enumerated
unless the restriction is expressed. The statutory
grounds are generally so broad as to exclude all the
errors, accidents and exigencies which might work
injustice at the trial." 14 Ency. Plead. and Prac. 718.'

"All of our decisions have proceeded upon the prin-
ciple that, if the trial court, in the exercise of its sound
discretion, is satisfied that substantial justice has not
been done in a given case, it is its right and its duty
to set the verdict aside." *Brammer v. Lappenbusch,*
176 Wash. 625, 630, 30 P. (2d) 947.

The rule in civil and criminal cases is the same. If
the trial court in the exercise of its sound discretion is
satisfied—as it was in the case at bar—that substantial
justice has not been done in a given case, it is not only
the right of the court but its duty to set the verdict
aside.

"In determining a motion for a new trial, the ques-
tions as to whether a different result is probable or
ought to follow upon a retrial is important, if not con-
clusive; and this question, from its nature, is peculiarly
addressed to the discretion of the trial court." 7 Ban-
croft's Code Practice 7853, § 5935.

A much stronger showing is required to authorize
reversal of an order granting a new trial than to re-
verse an order overruling the motion. All intend-
ments favor the ruling of the trial court. We should
not interfere merely because we differ from the trial
court's view that substantial justice has not been done

in the case in question or because we do not agree with the trial court's opinion that a different result is probable or will follow upon a retrial.

Unless clear abuse of discretion affirmatively appears, the rule is that the order granting a new trial will not be disturbed on appeal. In the exercise of its authority, the trial court in the case at bar granted a new trial, in effect on the ground that substantial justice had not been done; that a different result will probably follow upon a retrial. That discretion was exercised on the facts. The record discloses at least a fairly debatable justification for the action taken. It follows, logically, that such action of the trial court should not be reversed.

The order should be affirmed.

STEINERT, C. J., concurs with MILLARD, J.