**BROWN v. HAAS et al.**

No. 885.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 20, 1950.

Decided March 22, 1950.

---

Ethelbert B. Frey, Washington, D. C.,
with whom Charles E. Morganston, Washington, D. C., was on the brief, for appellant.

Daniel J. Andersen, Washington, D. C.,
for appellees. Warren E. Magee, Washington, D. C., also entered an appearance
for appellees.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment on a
jury verdict in a suit for rent overcharges
against a landlord, Code 1940, Supp. VII,
§ 45—1610(a), and on a counterclaim
against the tenants, for unpaid rent. The
jury rendered a verdict for the tenants in
the amount of $3,120 and for the landlord
in the amount of $175.36, or a net amount

for the tenants of $2,944.64.[1] The landlord appeals.

The suit was based upon a claim that an apartment in a rooming house had been rented by the tenants, husband and wife, at an agreed rental of $80 a month, $40 to be paid in cash and $40 to be paid in the form of services rendered by the wife in operating the rooming house for the landlord. The dispute centered largely around the ceiling rent for the apartment and whether the wife had rendered the required services in managing the rooming house. While there was conflicting testimony on these points, there was ample evidence to support the jury's verdict that the apartment had been rented to another party on January 1, 1941, the test date under the Rent Act,[2] at $40 a month, that the rent had been increased by the Rent Administrator April 20, 1948, to $65 a month, and that the wife had performed the services agreed upon. Under familiar rules, we may not disturb that verdict.

We deem it unnecessary to discuss in detail the various errors assigned by appellant. One is that during the trial the husband made the comment that during a previous landlord and tenant proceeding between the parties the trial judge and the lawyers in that case "sold him down the river." However, the record fails to disclose a timely objection by appellant's attorney or request for instructions to the jury on the subject. Counsel in jury trials must make their objections known while there is still opportunity for the trial judge to correct any apparent error.[3]

The landlord also assigns as error the trial court's action in admonishing the landlord on several occasions to keep his voice up and to answer questions. The record shows that the trial court finally said, "Now, listen, Mr. Witness. If you don't pay attention to what the Court says, the Court will have to assess you for contempt. Now, I have told you about seven times to just answer the question and stop." The record also shows that landlord's own attorney also admonished him to speak more loudly. Furthermore, during the trial neither defendant nor his counsel objected to the trial court's admonition. We consider this assignment of error too trivial for further discussion.

Still another error assigned is that the trial court refused to allow the landlord to introduce evidence as to the services rendered by the wife during certain years. The record, however, is completely barren of any showing that testimony in this regard was proffered and refused. The landlord also assigns as error the trial court's action in refusing a mistrial because of certain prejudicial statements made by tenants' counsel during closing argument. The record, however, does not contain the closing arguments of counsel and therefore we are unable to pass upon the point. The landlord urges, finally, that the trial court erred in refusing to grant him a new trial. This court has repeatedly held that the refusal of a new trial may not be reviewed on appeal unless there is a clear abuse of discretion.[4] The record discloses no such abuse of discretion in the present case. We have examined other errors assigned and consider them without substance.

Affirmed.

1. It is impossible to reconcile the exact figures of the verdict, but it is based upon an "Agreed Statement Of Possible Findings By The Jury" submitted by respective counsel, and since the correctness of the figures has not been assigned as error they are accepted by this court.

2. Code 1940, Supp. VII, § 45—1602(1)(a).

3. James v. Greenberg, D.C.Mun.App., 55 A.2d 727.

4. Nickel v. Scott, D.C.Mun.App., 59 A.2d 206.