## MUTUAL BEN. HEALTH & ACCIDENT ASS'N v. McGINN.

### No. 930.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 28, 1950.

Decided Sept. 18, 1950.

Edwin M. Woods, Washington, D. C., for appellant.

Milton Dunn, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The question on this appeal is whether appellant is entitled to a reversal because of the refusal of the trial court to award him a new trial on the ground of newly discovered evidence.

The action was brought to collect benefits claimed to be due on a policy of health and accident insurance. It was defended on the ground that the insured had in her application for the policy made misstatements of fact concerning certain ailments from which she had suffered. The jury awarded plaintiff the full amount of her claim, the verdict being entered on April 18, 1950. There were no intervening motions and judgment was entered on the docket April 24, 1950. Five days after entry of judgment defendant filed a paper labeled "Motion for New Trial," setting out four grounds in support thereof. Three of these grounds alleged errors occurring during the trial, and the fourth made a claim of newly discovered evidence. At the argument on the motion held May 11, 1950, plaintiff objected, and defendant conceded, that the motion, filed as it was more than four days after verdict, came too late to challenge the alleged errors committed during the trial. Defendant then sought to proceed solely on the ground of newly discovered evidence, but plaintiff again objected that leave of court to so proceed had not been obtained as required by trial court Rule 52 A(b). After hearing argument the trial judge stated that defendant's motion for new trial had been treated as a motion for leave to move for a new trial and denied because there had been "no showing of due diligence on the part of the defendant." Defendant now appeals, not from the judgment but from the adverse action of the trial court on the motion.

We have decided that there must be an affirmance in this case because the evidence cannot properly or reasonably be said to have been newly discovered under familiar

rules of law many times announced by the courts, requiring a showing that the evidence could not have been produced at the trial. Here the particular evidence claimed to have been newly discovered consisted of proof that the plaintiff had failed to disclose in her application for insurance that she had undergone an operation for the removal of her uterus and an ovary in 1942. (The policy was issued in 1944.) At the argument on the motion counsel for defendant revealed that he had discovered the evidence when he examined the records of Emergency Hospital after trial. These records, it is conceded, along with Garfield and Gallinger Hospital records pertaining to the policy holder, *were before the court, duly identified and admitted in evidence as part of plaintiff's case.*

The record shows that defense counsel did not examine these records at the trial or cross-examine the witness from Emergency Hospital who produced them. Nor did defendant make any effort to discover the "new" evidence during the sixteen months the case was awaiting trial, either by taking the deposition of plaintiff or otherwise. And the only explanation offered in the trial court or here is that the hospital records were privileged under D.C. Code, Section 14—308. This is, of course, ordinarily true.[1] But here there was in the application for the policy, signed by insured, a purported waiver of the privilege.[2]

However it is not important whether the hospital records were privileged *before trial* because it is clear that any privilege which might originally have cloaked the records was fully waived when they were put in evidence by plaintiff at the trial.[3]

It is also fair to note that when the Emergency Hospital record was introduced defendant made no announcement of surprise and did not request any continuance or recess in order to make use of the evidence now claimed to have been damaging to plaintiff's case. In fact, as we have already seen, the defense did not avail itself of the opportunity to cross-examine the hospital witness or examine the records. Thus in any view of the case it must be said that the refusal of the trial court to set aside the judgment and award a new trial was very far from an abuse of discretion. We refer to Imhoff v. Walker, D.C.Mun. App., 51 A.2d 309, in which we carefully spelled out the tests which govern the decision on such motions.

There remains for discussion a procedural question arising out of an apparent inconsistency between two rules of the Municipal Court. We are not satisfied that it was proper for the trial court to treat the motion grounded on newly discovered evidence as "a motion for leave to file a motion for new trial." The motion was offered after judgment, and requested the court "to set aside its Judgment of April 24, 1950 and to award it a new trial." Rule 53(b) as amended April 1, 1950,[4] and in effect at the time the motion was filed, provides in part as follows: "On motion, and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment * * * for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 52 A(b) * * *"

1. Kaplan v. Manhattan Life Ins. Co. of New York, 71 App.D.C. 250, 109 F.2d 463.

2. The particular provision, in question form and followed by an affirmative answer, states: " * * * and do you hereby authorize any physician or other person who had attended or may attend you to disclose any information thus acquired?" We note that such provisions have been construed as a waiver of the privilege. New York Life Ins. Co. v.

Taylor, 79 U.S.App.D.C. 66, 147 F.2d 297; Lutz v. New England Mut. Life Ins. Co., 9 Cir., 161 F.2d 833.

3. Buckminster's Estate v. Commissioner of Int. Rev., 2 Cir., 147 F.2d 331; Feldman v. Connecticut Mut. Life Ins. Co., etc., 8 Cir., 142 F.2d 628; Munzer v. Swedish American Line, D.C.S.D.N.Y., 35 F.Supp. 493.

4. Breckenridge, to use of Calvert Fire Ins., v. Mebane, D.C.Mun.App., 75 A.2d 441.

On the other hand Rule 52 A(b), which was permitted to govern here, makes leave of court first obtained prerequisite to a motion for new trial on the basis of newly discovered evidence when such motion is filed out of time but before the expiration of the time for appeal. It is obvious that Rule 53(b), as amended, gives a party claiming newly discovered evidence a more liberal procedural right than does Rule 52 A(b), (as regards motions filed more than four days after entry of verdict). And we think that in such a situation a movant should have the benefit of the more liberal provision. See Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266. We are of the opinion therefore that the motion should have been treated as a motion to set aside the judgment. But no harm was done, since the trial court did judge and decide the motion by the same test of due diligence as would have governed a motion offered under Rule 53(b)(2).

We note in passing that a similar inconsistency was avoided in the Federal Rules of Civil Procedure at the time amended F.R.C.P. 60(b), 28 U.S.C.A., (after which amended Rule 53(b) of the Municipal Court is patterned) was adopted, by deleting the exception containing the leave of court requirement in Federal Rule 59(b).

Affirmed.