## TILLMAN v. UNITED STATES.

### No. 1326.

Municipal Court of Appeals for the District of Columbia.

Argued April 6, 1953.

Decided May 1, 1953.

---

Russell Morris, Washington, D. C., for appellant.

Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., Washington, D. C., Charles M. Irelan, U. S. Atty., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., on the brief for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The sole question on this appeal is whether appellant, hereinafter called defendant, is entitled to a reversal because of the refusal of the trial judge to grant a motion for a new trial. Defendant was convicted on a charge of assault. After conviction, he filed a motion for a new trial alleging several errors, but the only one urged on this appeal is that he was tried without his witness being called to testify. In the record before us is what defendant terms an affidavit of this witness. The "affidavit" was not sworn to but was merely signed by one Lillie Mae Howard, a roomer in defendant's home, and read as a whole was not such as to require the trial judge to grant a new trial.

The defendant personally argued his motion for new trial,[1] and during the course of the argument he admitted to the court that he had informed his lawyer that he did not need the witness in question. During the trial no mention was made to the court of any absent or missing witness, nor did defendant at any time request a continuance to produce such a witness.

As has been stated time and time again, the granting of a motion for new trial is within the sound discretion of the trial court unless a manifest abuse of that discretion appears.[2] No such abuse appears in the present case. It is elementary that a defendant must be diligent in obtaining his witnesses, or in requesting a continuance until they can be produced.[3] Yet the record here discloses no reason why the witness who living in defendant's own home and presumably easily available was not summoned. Nor did the defendant ever notify the court that he wished to have her testify, nor did he ask for a continuance until she could be located. Indeed defendant himself stated at the time of the hearing on the motion that he had informed his lawyer that he did not require this witness. Thus it can not be said that this witness was discovered for the first time after trial, the prime prerequisite for granting a new trial on the basis of newly-discovered evidence.[4] A defendant can not gamble upon the result and, if the verdict be unfavorable, then demand a new trial.

Affirmed.

---

1. At the trial he had been represented by counsel (not the same attorney who represents him in this court.)

2. Battle v. United States, D.C.Cir., —— F. 2d ——; Brown v. Haas, D.C.Mun.App., 72 A.2d 39.

3. State v. Douglas, 193 Wash. 425, 75 P. 2d 1005; Gomez v. State, 145 Tex.Cr. R. 168, 166 S.W.2d 699; People v. Tutha, 276 Mich. 387, 267 N.W. 867.

4. Linder v. Hyattsville Auto & Supply Co., D.C.Mun.App., 84 A.2d 541; Mutual Ben. Health & Accident Ass'n v. McGinn, D.C. Mun.App., 75 A.2d 643; Imhoff v. Walker, D.C.Mun.App., 51 A.2d 309.